Price et al. v. Woodford et al.

———————◦————

JANE PRICE *et al.*, Defendants in Error, *v.* MARTHA J. WOODFORD *et al.*, Plaintiffs in Error.

1. *Dower — Election, right of — Statute.* — The right of election by the widow of her dower is a statutory privilege conferring new and important benefits, and outside of the statute has no existence. It must therefore be exercised in substantial compliance with it.

2. *Dower — Election, right of — Notice of — Construction of Statute.* — Section 9 of the act concerning dower, R. C. 1855 (Gen. Stat. 1865, ch. 130, § 9), providing that the court shall cause notice to be given the widow apprising her of her right of election, is directory only; and a failure to comply with this statutory requirement will not have the effect of enlarging the time within which the widow must make her election.

*Error to First District Court.*

*Elliot & Blodgett,* and *Shepherd & Rogers,* for plaintiffs in error.

I. Plaintiff in error, never having been notified by the County Court of her rights, and required to make her election within the time and according to the provisions of section 10 of chapter 56 of R. C. 1855, does not forfeit her rights under section 5 of the same chapter because she made no election within the year. ( Washb. Real Prop. p. 201, § 12, note; Blackw. Tax Tit. pp. 186, 187, 712, §§ 14–16; *id.* 78, 716, 723, § 39; Sedg. Stat. & Const. Law, 438–9.)

II. A positive duty is enjoined upon the court to impart notice of the right, and require an election within the time limited, and, unless the party for whose benefit the law was made waives that right, the right cannot be divested, because the court neglected a positive duty. (Davis's Adm'r v. Smith & Bailey, 15 Mo. 469; Sedg. Stat. and Const. Law, 109—11; 1 Washb. Real Prop. 453–4, §§ 18, 19, etc.)

III. When the statute enacts that a public officer may act in a particular way, which is beneficial to third parties, he must act in that way. (9 How. 248.)

IV. The rights of the widow, under section 1, chapter 56, R. C. 1855, remain absolute until divested by an election under section 5 of said statute; and the widow, never having been notified by the County Court as the law directs, was not compelled to file her declaration until notified by the service of the summons in the suit for partition.

V. The widow, never having waived her right under section 5, and having made her election to be endowed in pursuance of the provisions thereof so soon as the proceedings in partition were instituted, and having made and filed her declaration of election, as the law directs, with the clerk of the County Court, her inchoate right became absolute, to be endowed in pursuance thereof. (Hamilton, Adm'r of O'Neil, v. Mary O'Neil, 9 Mo. 11; Kemp v. Holland, 10 Mo. 259; Welsh v. Anderson, 28 Mo. 293; Sedg. Stat. and Const. Law, 229–32.)

VI. The widow, not having *sui juris* in contemplation of the law, was not presumed to know the law, nor was she bound to file her declaration of election until apprised of her rights, as the law directs (R. C. 1855, ch. 56, § 9) — section 9 being predicated upon the very presumption that the widow does not know of the innovation upon the common-law dower; nor is she presumed to know of the necessity of an election until she is judicially notified by the County Court. (1 Dan. Ch. Pr. 1, 145 ; 2 Kent, 10th ed., 163–5, note ; 2 Sto. Eq. Jur. §§ 1395–6 ; 3 Johns. Ch. 86–114, 523 ; Sto. Ag. § 2.)

VII. The use of the word "hereafter," as used in the amendatory act of February 13, 1847, and incorporated into the ninth section of the dower act of 1865, shows the necessity of some additional legislation to protect the right of the widow under section 5, and that the amendment was intended to apply to every case that should arise after the passage of the law in which it may be applicable. (Sess. Laws 1847, p. 49 ; R. C. 1855, ch. 9, § 1 ; City of New York v. Troge, 3 Hill, 612 ; Jackson v. Esty, 7 Wend. 148 ; Caswell v. Allen, 7 Johns. 63.)

*Ryland & Moorman*, for defendants in error.

I. Martha J. Woodford, not having made an election under the eighth section of the dower act in the time prescribed by the act, cannot afterward elect. During that time she was only entitled, under the act, to do a thing prescribed by it which would give her a right. Not having acquired the right under the act, she had nothing to forfeit. (R. C. 1855, p. 669, ch. 56, § 5; same act, §§ 8, 9, 10, pp. 669–70 ; 9 Mo. 10 ; 10 Mo. 259 ; 28 Mo. 298 ; Stat. 1835, p. 228, §§ 3, 6 ; Stat. 1845, §§ 3, 7, pp. 430–31 ; Acts 1847, p. 49, § 1.)

II. It is a general proposition of law that statutes directing the modes of proceeding of public officers, relating to time and manner, are directory. (People v. Cook, 14 Barb. 298 ; Marchant v. Longworthy, 6 Hill, 646 ; People v. Peck, 11 Wend. 604 ; Pond v. Negus, 3 Mass. 230 ; People v. Allen, 6 Wend. 486–8 ; St. Louis v. Sparks, 10 Mo. 117 ; Walker v. Chapman, 11 Ala. 126.)

III. But this proposition is not applicable when the statute uses words of negation restraining their action, or when there is something plainly showing a different intent. Then the rule is resumed and the statute is mandatory. This statute uses words of negation, and plainly shows a different intent. If the court does not give its notice at the time named, it cannot do it afterward—*i. e.*, the direction is mandatory; *e. g.*, the matter of recording a deed. ( 22 Ala. 116–126 ; Billings v. Detten, 15 Ill. 218 ; Marsh v. Chesnutt, 14 Ill. 223 ; Thames Manuf. Co. v. Lathrop, 7 Conn. 550, 555 ; Savage *et al.* v. Welsh *et al.*, 26 Ala. 619, 631 ; R. C. 1855, §§ 5, 9, 10, pp. 669, 670 ; Welsh v. Anderson, 28 Mo. 298 ; 7 Ind. 417, 145.)

IV. The intention of the Legislature is the law, and courts will seek the aid of the history of the law in all its former enactments, revisions, re-enactments, adjudications, and divisions ; and cotemporaneous expositions will be taken into consideration in construing the law. (27 Mo. 289 ; 7 Ind. 91 ; 6 *id.* 252 ; 5 *id.* 183 ; 27 Me. 9 ; 6 Eng. 594 ; 19 Iowa, 91 ; 18 *id.* 64 ; 10 *id.* 188 ; 5 Mo. 171 ; Sedg. Stat. and Const. Law, 229, 231, 251, 252, 254, 260, 263, 292, 372, 379 ; 1 Kent, 465 ; Stat. 1825 ; *id.* 1835, p. 228, §§ 3–6 ; *id.* 1845, pp. 430, 431, §§ 3–7 ; Sess. Acts 1847, p. 49, § 1 ; R. C. 1855, p. 669, §§ 5–10 ; 9 Mo. 10 ; 10 *id* 259 ; 28 *id.* 298.)

V. The law never denies a right ; but in all acts of limitation, under certain circumstances, denies the remedy. (32 Mo. 340 ; 22 Iowa, 59 ; 7 Ind. 9.) The right intended to be established is created by statute ; the remedy to obtain it is purely a statutory power, and the statute must be followed in every particular. (Black. Tax Tit. 38, 39, 71, 72, 78 ; Welsh v. Anderson, 28 Mo. 299.)

VI. This case turns on the failure of the widow to make her election within twelve months after grant of letters of administration. The act prescribes the due process of law by which the heirs shall be divested of their title, and the process or requisites to be observed by her to obtain it. Unless these are observed, no right accrues. (Hamlin v. O'Neal, 9 Mo. 10 ; Kemp v. Holland, 10 *id.* 259 ; Welsh v. Anderson, 28 *id.* 298, 299 ; Watson v.

Watson, 28 *id*. 302; 5 Yerg. 465.) Sections 4, 5, 11, 15, in this dower act, are instances of election, and they each have a limited time within which the right must be exercised; and in none is there any provision for failure, nor is their right saved on the account of any failure of any person or officer named therein. (Co. Litt. 523; U. S. v. Grundy *et al.*, 3 Cranch, 337; 5 Yerg. 465.)

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced in the Circuit Court of Johnson county, by the heirs of Humphrey W. Marshall, deceased, the general object and nature of which was to obtain partition of certain real estate of which said Marshall died seized, and also to have dower, according to the first section of the act concerning dower, assigned to the widow.

The petition alleged and set forth the title of Marshall in the premises; that he died without children, and that the plaintiffs were his heirs at law; and that he left a widow surviving, who subsequently intermarried with one Julius Woodford. Both Woodford and wife are made defendants. The defendants, Woodford and wife, answered, stating that Marshall died on the 4th day of July, 1861, intestate, leaving the defendant Mrs. Woodford surviving as his widow, and without children; that letters of administration were granted on his estate·on the 8th day of July thereafter, but that no notice was served or caused to be served by the County Court on the widow, apprising her of her right and requiring her to file her declaration of election, according to the provisions of section 10 of chapter 56 of the Revised Code of 1855. They further averred that the petition for partition was filed on the 19th day of February, 1866, and that, on the 11th day of April ensuing, before the filing of the answer, Mrs. Woodford, in conjunction with her husband, made her declaration, duly acknowledged, electing to be endowed, under section 5 of the statute in relation to dower, and filed the same in the office of the clerk of the County Court. The facts stated in the pleadings stand admitted. The case, then, involves a construction of the statute where the County Court has failed to give the notice to

the widow requiring her to elect, and she has neglected to make the election within the prescribed time. There is some difficulty in meeting this question, and, whichever way it is decided, it will doubtless impose some injury. The statute has made very liberal provisions in regard to the endowment of the widow, and the right of dower was always highly favored by the common law. Under section 1 of the statute no election is necessary; and upon the death of her husband, by virtue of the provisions of that section, her estate becomes vested and complete. But subsequent sections enlarge her interests and change the character and nature of her title, but certain conditions and limitations are annexed. The fifth section, under which the right is claimed, provides that when the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled, *first*, to all real and personal estate which come to the husband in right of the marriage remaining undisposed of, absolutely; *second*, to one half of the real and personal estate belonging to the husband at the time of his death, absolutely. By section 9 it is declared that, when a widow shall be entitled to dower as in the above section, it shall be the duty of the County Court of the proper county, when letters testamentary or of administration have been granted, to cause a notice to be served on such widow apprising her of her right and requiring her to file her declaration within the time and according to the provisions of the next succeeding section. The next succeeding section (10) provides that such election shall be made by declaration in writing, acknowledged before an officer authorized to take the acknowledgment of deeds, and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted, within twelve months after the grant of the same; otherwise she shall be endowed under the provisions of the first section, etc. In the case of Welsh v. Anderson, 28 Mo. 293, Judge Scott, in delivering the opinion of the court, seems to intimate, though the point was not in the case and the remark was a mere *dictum*, that if, through any fraud or contrivance of those interested in an estate, the widow was prevented from making an election, they would not be permitted to reap the fruits of their misconduct. But it was there decided that

an election could only be made in the manner prescribed by law. The right of election is a statutory privilege, conferring new and important benefits, and outside of the statute has no existence. It must therefore be exercised in substantial compliance with it.

Now, the law expressly declares that if the election is not made, and the declaration properly acknowledged and filed, within twelve months from the granting of the letters, the right shall not exist, but the widow shall be endowed under a different section.   This language is express and positive; but it is insisted that the widow is not barred, by a fair and reasonable interpretation of the statute, till the court has performed its duty and caused the requisite notice to be given apprising her of her rights.  That the court should act as the law enjoins, and cause the notice to be given, is unquestionable; but, in case of neglect or failure to do so, will it leave the right of election open, and unsettle the title to the estate for an indefinite period?   Because for convenience and as a favor to the widow the Legislature directed that the court should cause the notice to be given, it is not to be presumed that they intended to abrogate the maxim that every person is presumed to know the law.   If the notice is held to be absolutely a condition precedent to any barring of the widow's right of election, it will have a tendency to unsettle and prevent the vesting of titles.

Suppose no notice is given, and the widow fails to assert her rights for a long period of time, and the situation of the parties claiming title has become changed, can she be permitted to come in at pleasure and claim the privilege of the statute?  The statute declares that the court shall cause notice to be given, but it does not say that, in case of neglect or refusal to do so, the time shall be indefinitely lengthened.   The election on the part of the widow would be just as valid, if made within the prescribed time, where no notice was given at all.   And where statutes direct certain proceedings to be done in a certain way or at a certain time, and a strict compliance with their provisions of form and time does not appear essential to the judicial mind, the proceedings are held valid, though the command of the statutes is disregarded or disobeyed.   The statutes in such cases are held to be directory only. (Sedg. Stat. Law, 368.)

17—VOL. XLIII.

In an early case Lord Mansfield said: "There is a known distinction between circumstances which are of the essence of a thing required to be done by an act of Parliament, and clauses merely directory. The precise time in many of the cases is not of the essence." (Rex v. Loxdale, 1 Burr. 447.)

So, where a marriage act declared that "the consent of the father," etc., "is hereby *required* for the marriage" of a child under age, the words were held directory only — the Lord Chief Justice Tenterden saying:. "The language of this section is merely to *require* consent; it does not proceed to make the marriage void if solemnized without consent." (Rex v. Birmingham, 8 Barn. & Cress. 29–35.)

I think that the section providing that the court shall cause notice to be given is directory only, and that a failure to comply with this statutory requirement will not have the effect of enlarging the time within which the widow must make her election; and the Circuit and District Courts having found against her claim, their judgment will be affirmed. The other judges concur.