W. H. EWING *et al.*, Respondents, *v.* MARY J. EWING, Appellant.

1. *Dower — Election, right of — Notice of — Construction of statute.* — A failure on the part of the County Court to give notice to the widow apprising her of her right to elect her dower, as provided by section 9, p. 670, R. C. 1855 (Gen. Stat. 1865, ch. 130, § 9), will not have the effect of prolonging the time within which she must make her election. (Price v. Woodford, 43 Mo. 247, affirmed.)

*Appeal from St. Louis Circuit Court.*

*Bereman,* and *Gantt,* for appellant.

*McClelland & Thompson,* for respondents.

WAGNER, Judge delivered the opinion of the court.

This was an action for partition, brought by the plaintiffs as heirs of James S. Ewing, deceased, for the assignment of dower to the defendant as surviving widow. It was admitted that defendant owned one-fifth of the premises as purchaser; and she also claimed that she was entitled to one-half of the balance as her dower interest, under section 5 of the chapter on dower in the Revised Code of 1855, which is applicable to and governs this case. This claim was rejected, on the ground that she had not filed her declaration electing to take under that section within one year. It seems that she was never notified of her right to elect by the County Court of the county where administration was granted, and did not attempt to comply with the law by filing her written declaration, properly acknowledged, till several years after administration was granted, and not until after the administration on the estate was wound up and closed.

The case is precisely similar to Price v. Woodford, 43 Mo. 247, decided at January term, where we held that a failure on the part of the County Court to give the notice to the widow would not have the effect of prolonging the time within which she must make her election. This case was brought here without any knowledge of that decision being made by the counsel for the appellant, and they have filed a very full and learned brief, and ask for a review of the decision. We have re-examined the question attentively and carefully, and are satisfied with the conclusion reached in that case. It is unnecessary to repeat the reasons which lead to that conclusion.

Judgment affirmed. The other judges concur.