————o————

SARAH GANT, Plaintiff in Error, *vs.* ELIZABETH HENLY, Defendant in Error.

1. *Dower—Devise in lieu of—Renunciation of devise must be filed, when.*—The term "pass" as used in § 16 of the Dower Act (Wagn. Stat. p. 541) means "devise," and under the statute law of Missouri, (see §§ 15, 16) after due notice of her devise, the renunciation thereof by the widow, in order to avail in holding her dower, must be filed within twelve months from proof of the will and not later. (See Price vs. Wood, 43 Mo. 247; Ewing vs. Ewing, 44 Mo 23; Dougherty vs. Barnes, *ante*, p. 159.)

*Error to Jackson County Circuit Court.*

*A. Comingo,* for Plaintiff in Error, cited : Adsit vs. Adsit, 2 Johns. Ch. 448 ; Church vs. Bull, 2 Den. 430 ;. Havens vs. Sackett, 15 N. Y. 372 ; Leonard vs. Steele, 4 Barb. 20, 22 ; Brown vs. Caldwell, 1 Spear Eq. 322, 325 ; U. S. vs. Duncan, 4 McLean 99 ; Thompson vs. Egbert, 2 Harr. (N. J. L.) 459 ; Gough vs. Manning, 26 Md. 347 ; Thompson vs. McGaw, 1 Metc. 66 ; Hastings vs. Clifford, 32 Me. 132 ; Chew vs. Far-

Gant v. Henly.

mer's Bank, 9 Gill. (Md.) 361 ; Gist vs. Cattell, 2 Dessaus, (S. C.) 53 ; Snelgrove vs. Snelgrove, 4 Id. 274 ; Wagn. Stat. 541, § 17 ; 1 Hill. Real Pr. 105 ; Vernon's case 4 Coke's R. 4.

*Wm. Chrisman*, for Defendant in Error, cited : Pratt vs. Patton, 5 Cush. 174 ; 1 Greenl. Cr. pp. 215, 216 ; Logan vs. Phillips, 18 Mo. 26 ; Halbert vs. Halbert, 19 Mo. 453 ; Thompson vs. McGaw *et al.*, 1 Met. (Mass.) 73 ; Price vs. Wood, 43 Mo. 247 ; Ewing vs. Ewing, 44 Mo. 24.

SHERWOOD, Judge, delivered the opinion of the court.

Under our statute, (Wagn. Stat., §§ 15, 16 p. 541) if real estate be devised to the wife by the husband, such devise will bar dower unless the testator in his will otherwise declare, or unless within the time and in the manner pointed out, she renounce the provisions of the will. The tenth section of the Dower Act has already received judicial construction, and it has been held that the election allowed thereby must be made in twelve months or not at all. (Price vs. Wood, 43 Mo. 247 ; Ewing vs. Ewing, 44 Mo. 23.) And that section is, in respect to time and mode, substantially similar to section sixteen, *supra*. And no good reason is therefore seen why a like rule should not prevail in this case also, where the widow, although duly notified by the executor, failed to file her renunciation within the period designated by law.

And the complexion of the case is not altered because unexpected debts had to be allowed against the estate, in consequence whereof the realty devised had to be sold for their payment. It seems that in other states, provision is made by statute for cases of this sort, and the case cited and relied on by the plaintiffs (Thompson vs. McGaw, 1 Met. 66), shows that under the laws of Massachusetts, " if a woman is deprived of the provision made for her by will or otherwise in lieu of dower, she may be endowed anew, in like manner as if such provision had not been made." But it shall suffice to say that our law contains no such clause. The meaning of the words of section fifteen, " if any testator shall by will pass any real estate," etc., are too plain

for argument; the term "pass" can only mean "devise." Our views on this subject are elsewhere expressed more at length. (Dougherty vs. Barnes, *ante*, p. 159.)

Judgment affirmed. All the other judges concur.