Fosher *et al. v.* Guilliams, Executor.

Judgment affirmed.

Filed Sept. 28, 1889.

------●------

### No. 14,854.

### FOSHER ET AL. *v.* GUILLIAMS, EXECUTOR.

WIDOW.— *Will.—Election.—Statutory Requirements.*—Where a widow dies within a year after the death of her husband, without having made an election in writing, signed, acknowledged, and filed with the clerk as provided by the statute (Elliott's Suppl., section 428), as to whether she would take under her late husband's will or under the law, she will be deemed to have taken under the will, notwithstanding the fact that she, being ignorant of the statutory requirement, had in fact determined to take under the law, and in pursuance of that determination had taken actual possession of one-third of the land left by her husband.

SAME.— *Right to Elect is Personal.—Death before Election.*—The right to elect is strictly personal and can be exercised only by the widow, and if she dies before the time for election has expired, the right expires with her, in the absence of a statute authorizing its exercise afterwards by her heirs or representatives.

From the Putnam Circuit Court.

*T. E. Ballard* and *E. E. Ballard,* for appellants.

*J. J. Smiley, W. G. Neff* and *J. L. Myers,* for appellee.

MITCHELL, J.—John Fosher, who died testate on the 8th

day of April, 1888, devised his real and personal estate to his widow, who was his childless second wife, for life, and provided that at her death the property should be distributed among certain of his children by a former marriage. The widow died in November, 1888, less than a year after her husband's death, and the executor of the last will and testament petitioned the court for an order to sell all the real estate, alleging that it was necessary to sell it, in order to make assets to pay debts and legacies. The heirs resisted the application to sell, so far as it applied to one-third of the land, and alleged that the widow rejected the provision made for her by the will, and elected to take the one-third in fee under the law. They claimed that at her death the one-third which she took as widow, descended to them in fee simple, free from the debts of their father, according to the construction placed upon sections 2483 and 2487, R. S. 1881; *Caywood* v. *Medsker*, 84 Ind. 520; *Bryan* v. *Uland*, 101 Ind. 477. The validity of their contention depends upon whether the widow took under the will or under the statute. It is alleged that after the testator's death the widow renounced the will, so far as it made provision for her, and elected to take under the law, and that by agreement with the other heirs she took possession of a portion of the real estate equivalent to one-third in value, which was by mutual agreement set off to her, but that she never made any written election as required by statute, for the reason that she had no knowledge or information that any such election was necessary.

Section 41 of an act entitled "An act regulating descents and the apportionment of estates," as amended by an act approved April 13th, 1885, reads as follows: " If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall take under the will of her said husband, unless she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of

her late husband; but she shall not be entitled to both unless it plainly appear by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed in addition to her rights in the lands of her husband. Such election shall be in writing, signed by such woman and acknowledged before some officer authorized to take the acknowledgment of deeds, and shall be made within one year after said will has been admitted to probate in this State, and be filed and recorded in the office of the clerk of the circuit court in which such will is probated." Elliott's Suppl., section 428.

It is conceded that the widow did not make an election in accordance with the above statute, but it is insisted that because she made an election, *in fact,* by taking actual possession of one-third of the land, her election became as effectual as if made according to the provisions of the statute. This result is said to follow, from the fact that she did not know, and was not informed, that a written election was necessary. This position is not maintainable.

According to the imperative language of the above statute, if there be a will in which lands are devised to a widow "she shall take under the will, unless she shall make her election" in the manner therein prescribed within one year. The right of a wife to take an interest in the real estate of which her husband died seized is a statutory right, and where provision is made for her by the will of her husband, her right to take under the law depends upon conditions precedent, to be performed by her within one year. Those conditions are minutely set forth in the statute above set out, which forms part of the law regulating the descent and apportionment of estates. The renunciation of the will and the election to take under the statute must be made in substantial compliance with the statute which confers the right. In all cases where there is a will the widow is conclusively bound by it, unless she renounces its provisions and elects

in the manner pointed out in the statute. *Stephens* v. *Gibbs,* 14 Fla. 331 ; *Waterbury* v. *Netherland,* 6 Heisk. 512.

The case in hearing is, in all respects, parallel with *Cowdrey* v. *Hitchcock,* 103 Ill. 262. In that case a widow had accepted an award set off to her by appraisers, and it was afterwards claimed that she had thereby renounced the provisions of the will and elected to take under the law. The court, remarking upon a statute in all essential respects similar to that which controls the present case, said : " Here is a complete mode pointed out by the statute, under which a widow may renounce the provisions of a will, and if she fails to pursue.the course pointed out by the statute within one year from the date letters testamentary are issued, she is, by the express terms of the statute, deemed to have elected to take under the will."

As was well remarked in *Price* v. *Woodford,* 43 Mo. 247 : " The right of election is a statutory privilege, conferring new and important benefits, and outside of the statute has no existence. It must, therefore, be exercised in substantial compliance with it." *Ewing* v. *Ewing,* 44 Mo. 23 ; *Dougherty* v. *Barnes,* 64 Mo. 159.

The right to elect is strictly personal, which can be exercised by the widow alone, and although she die before the time for election has expired, in the absence of a statute authorizing it to be made afterwards by her heirs or representatives, the right of election expires with her. Woerner Law of Admin. 270.

If, through any fraud or contrivance of those interested in the estate, the widow was prevented from making an election, a court of equity might find means of affording relief against those who perpetrated the fraud. There is, however, no question of fraud involved in the present case, and we therefore decide nothing upon that subject.

The judgment is affirmed, with costs.

Filed Sept. 28 1889.