**McCARTER et al. v. STATE ex rel. PIT-MAN, Co. Atty.**

No. 11760—Opinion Filed April 26, 1921.

Rehearing Denied May 24, 1921.

(Syllabus.)

**1. Schools and School Districts—Consolidation of Districts.**

Section 1, ch. 258, Session Laws 1917, provides: "* * * Provided, further, that two or more or parts of school districts having less than twenty-five square miles shall be permitted to consolidate if they have a total valuation equal to or exceeding five hundred thousand dollars."

**2. Statutes—Construction—Intent of Legislature.**

In construing statutes, the general rule is that the intent of the Legislature, when ascertained, must govern.

**3. Same.**

The legal presumption is that the Legislature has expressed its intent in the statute, and that it intended what it expressed and nothing more.

**4. Schools and School Districts—Legality of Consolidation of Districts—Evidence.**

In a quo warranto proceeding on behalf of the state, on relation of the county attorney, to declare the organization of a consolidated school district invalid, where the record discloses that the county superintendent made an order consolidating three school districts into said consolidated school district on July 28, 1919, and the proceedings prior to the order consolidating said school district were regular, and the districts had an area of less than 25 square miles and the assessed valuation for the year 1919 was in excess of $540,000, although the State Auditor had not certified to the county clerk of said county the assessed valuation of the public service corporations within said district until the 2nd of September, 1919, held, this fact would not make the organization of the district illegal; and, further held, it was error for the trial court to hold the assessed valuation for the year 1918 was controlling and the only competent evidence to prove the value of the property of the district.

Error from District Court, Pottawatomie County; John L. Coffman, Assigned Judge.

Quo warranto by the State, on the relation of Clyde Pitman, County Attorney, against N. G. McCarter and others attacking legality of consolidation of certain school districts. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Joe M. Adams, Abernahy & Howell, and W. L. Chapman, for plaintiffs in error.

Goode & Dierker and S. P. Freeling, Atty. Gen., by R. E. Wood, Asst. Atty. Gen., for defendant in error.

McNEILL, J. This was a quo warranto proceeding commenced in the superior court of Pottawatomie county on the 18th day of June, 1920, in the name of the state, on relation of Clyde G. Pitman, county attorney of Pottawatomie county, against N. G. McCarter, R. L. Chancellor, and J. V. Howell, as defendants. The petition alleged school districts Nos. 22, 25, and 113 of said county had been consolidated into consolidated school district No. 3 by virtue of an order of the county superintendent of said county made on the 28th day of July, 1919; that said district had an area of less than 25 square miles and an assessed valuation of less than $500,000, and by reason of said fact the consolidation of said district was illegal, and defendants were claiming to be the duly elected officers thereof.

The defendants filed their answer and attached thereto the order of the county superintendent dated the 28th day of July, 1919, consolidating said districts, and copies of the necessary petitions for the calling of an election to consolidate, and notice of the election and the return of the officers of said election showing that 145 votes were cast for the consolidation and 45 against the consolidation. The plaintiff replied, alleging there were certain irregularities in the proceeding, and the order creating said district was illegal. The case was transferred to the district court, and a jury was empaneled to try the cause, and after the plaintiff introduced its evidence, the defendants demurred thereto, which was overruled by the court, and defendants introduced their evidence, and the court instructed the jury to return a verdict in favor of the plaintiff and against the defendants for the reason the assessed valuation of the district did not equal the total value of $500,000 at the time the county superintendent made the order of consolidation, and the court entered judgment disorganizing consolidated school district No. 3. Motion for new trial was filed and overruled and the case is here on appeal.

This is the second time the validity of the organization of this consolidated district has been before this court; the former case being reported as Fowler v. Park, 79 Okla. 1, 190 Pac. 668.

While there are several questions presented in the briefs, the question of whether the district contained the required valuation, we think, is the only one necessary to consider and determine the merits of the case. It is admitted the district had an area of

less than 25 square miles and the assessed valuation of the three school districts for 1918 was less than $500,000, and for the year 1919 was over $540,000.

The statute relating to the consolidation of school districts is section 1, ch. 258 Session Laws 1917; the portion applicable to this case reads as follows:

"* * * Provided, further, that two or more or parts of school districts having less than twenty-five square miles shall be permitted to consolidate if they have a total valuation equal to or exceeding five hundred thousand dollars."

It is contended by the plaintiffs in error that the districts for the year 1919 had a valuation of over $500,000, and therefore the organization of the district was legal. It is contended by the defendant in error that, although the assessed valuation of the three districts amounted to over $540,000 for the year 1919, this fact was unknown on the 28th day of July, 1919, at the date the county superintendent made his order consolidating the district for the reason the State Auditor had not certified the assessed valuation of the property of certain public service corporations located in these districts to the clerk of Pottawatomie county, and therefore the assessed valuation was unknown and not ascertainable from the county assessor's books on said date, and by reason of that fact the assessment for 1918 must control. The correctness of these contentions involves the construction to be placed upon this particular section of the statute.

We will first direct our attention to the statute relating to assessment of property within this state. The statute provides that all real and personal property within the state shall be assessed at its actual cash value upon the first of January of each year. Section 7337, Revised Laws 1910, provides that the property of public service corporations shall be assessed by the State Board of Equalization. Section 7338 provides said corporations shall make a return of their property to the State Board of Equalization on or before the last day of February of each year, itemizing the property and the value thereof on the first day of February of that year. Section 7348 provides that the return of the public service corporation shall not be conclusive. Section 7349 provides that the auditor shall certify to the clerks of the different counties the valuation of the property of the public service corporations within their respective counties and subdivisions thereof on or before the first Monday of May each year. Section 7337 provides that the State Board of Equalization shall meet on the third Monday in June of each year and equalize assessments of various counties. The record discloses that the State Auditor did not certify the return of the public service corporation's property in these districts to the clerk of Pottawatomie county until September 2, 1919. Exactly what date the State Board of Equalization made the assessment against the public service corporations is not shown, nor does the record disclose whether they increased the valuation as returned by the different public service corporations, nor whether the assessment was made upon the valuation returned by the different corporations. We have been unable to find any decisions construing a statute similar to ours.

The general rule in construing statutes is that the intent of the Legislature must govern. Board of Com'rs of Creek County v. Alexander, 58 Okla. 128, 159 Pac. 311; Hudson v. County Treasurer, Osage County, 75 Okla. 260, 183 Pac. 507. In the case of Soliss v. General Electric Co., 213 Fed. 205, it was stated:

"The legal presumption is that the legislative body has expressed its intention in the statute; that it intended what it expressed and nothing more."

What did the Legislature mean when it in unambiguous language provided that certain districts with an area of less than 25 square miles might consolidate if they had a total valuation equal to or exceeding $500,000? If we indulge in the legal presumption that the body expressed its intent in the statute, and that it intended what it expressed and nothing more, then the only question for determination would be, Did the districts have a valuation of $500,000 at the time the county superintendent made the order creating the consolidated district? It is admitted they had a total valuation in excess of that amount; therefore the requirement of the statute has been met. We see no reason to read into the statute something that the Legislature did not place therein, in order to defeat the desire of the great majority of the people of these districts as expressed at their meeting called for the purpose of consolidating the school districts.

We have been cited several cases, to wit: Parker v. Clatsop County (Ore.) 138 Pac. 239; Chicago, B. & Q. Ry. Co. v. Village of Wilber, 63 Neb. 624, 88 N. W. 660; and the courts in those cases were construing statutes relating to the issuing of bonds, and the statutes under consideration in those cases provided that the bonded indebtedness should not exceed a certain per cent. of the taxable property within the district "as shown by the last preceding assessment for

state and county purposes previous to the incurring of said indebtedness." The statutes under consideration in those cases were almost identical with section 7835, Revised Laws 1910, which provides that bonds may not be issued by any school district in any amount exceeding five per cent. of the valuation of the taxable property within said school district "as shown by the last preceding assessment for state and county purposes." Those cases have no application. If the Legislature intended to make the same requirement for school districts when consolidating, it could have very easily inserted that phrase into the section of the statute relating to organization of school districts. But the Legislature did not see fit to do so, and we know of no reason why this court should read the same into the statute when that particular phrase was not inserted by the framers of the act.

There can be no doubt but that the assessed valuation of the county or subdivision thereof means the amount assessed by the constituted act of all the agencies employed in determining the amount and the value of the property available for taxation.

The consolidation of schools and organization of school districts, if they are permitted to function, must necessarily be accomplished between the school terms of each year, in order that schools may be conducted and operated with as little disturbance and inconvenience to the teachers and pupils as possible and the officers may make the proper estimates to run the schools. The Legislature anticipated that all property of the different counties and subdivisions thereof should be assessed before the first day of May, while as a matter of fact this is not always accomplished, or at least the total is not always known at that time, and that may have been why the Legislature did not attempt to provide that the last preceding assessment should control in the consolidation of school districts, but provided if the districts had a certain valuation, the districts might be consolidated. The language used is clear and unambiguous, and it is not within the province of courts to read into the statute words not used by the Legislature, in order to defeat an act which complies with all the requirements demanded by the Legislature.

This was not a jury case, but was purely an equitable case triable to the court, and upon the undisputed evidence it was error for the court to instruct the jury to return a verdict for the plaintiff and to disorganize the school district, but the court should have sustained the demurrer of the plaintiffs in error to the evidence of defendant in error.

The cause is therefore reversed and remanded, with instructions to take such further proceedings as are in accordance with the views herein expressed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.