Appeal of J. M. HEWGLEY, Jr., Administrator of the Estate of James Marion Hewgley, Deceased.

No. 37105.

Supreme Court of Oklahoma.

July 17, 1956.

John M. Gephart, Wagoner, for plaintiff in error, J. M. Hewgley, Jr., Adm'r of Estate of James Marion Hewgley, Deceased.

Harley Van Cleave, Raymon B. Thomas; Charles C. Liebler, Tulsa, for defendant in error, Woodrow Flournoy, Adm'r of Estate of Pearl Evelyn Hewgley, Deceased.

HUNT, Justice.

This action arose in the County Court of Tulsa County, Oklahoma, wherein J. M. Hewgley, Jr., administrator of the estate of James Marion Hewgley, deceased, made written application to the court for leave to sell one 1954 Cadillac automobile, alleged to belong to the estate of said deceased, on the ground that said automobile was constantly depreciating in value. At a hearing on said application Woodrow Flournoy, administrator of the estate of Pearl Evelyn Hewgley, deceased, who was the widow of James Marion Hewgley, deceased, appeared and orally requested of the court that the Cadillac automobile be delivered to him as administrator of said estate under the provisions of Title 84, § 232 O.S.Supp., which reads:

"Whenever any person dies intestate leaving a surviving spouse, and there is among the assets of decedent's estate an automobile owned by said deceased, said automobile shall be and become the sole and exclusive property of said surviving spouse. If the deceased held title to more that one automobile at the time of death of said deceased, the surviving spouse shall have the right to choose one of said automobiles to be his or her exclusive property and the remaining automobiles shall be distributed according to the laws of descent and distribution. Provided that this section shall in no way release the automobile chosen by the surviving spouse from liability for the debts of the deceased."

The record shows that the Cadillac automobile was one of three automobiles owned by James Marion Hewgley at the time of his death, and his wife had not chosen one of said automobiles to be her exclusive property at the time of her death. She and her husband were fatally injured in an automobile accident and she died only a few hours after the death of her husband. The County Court held that the right of the wife to choose one of the automobiles under the statute was a personal right and expired upon her death and did not survive to her personal representative or her heirs, therefore denying the oral application of the administrator of her estate. The administrator, Woodrow Flournoy, appealed from the order of the County Court to the District Court, and upon a hearing there the District Court held that the administrator, Woodrow Flournoy, had the right to choose and take possession of the Cadillac automobile subject to the debts of the estate of James Marion Hewgley, deceased, and entered an order in accordance therewith, from which order J. M. Hewgley, Jr., Administrator, has appealed to this court.

The statute here involved is of recent enactment, 1953, and no decision is cited or found which involved the same or a similar statute.

Plaintiff in error submits three propositions, only one of which we need consider for a proper determination of this appeal. It is as follows:

"The judgment of the District Court is contrary to the law and the evidence in that the defendant, Woodrow Flournoy as administrator of the estate of Pearl Evelyn Hewgley, deceased, does not have any legal right as such administrator to select and receive the car in question."

In support of this contention plaintiff in error cites Bank of Commerce & Trust Co. v. Trigg, 138 Okl. 216, 280 P. 563, wherein it was held:

"The right to elect is a personal right, and does not pass to the heirs; and since the deceased died without having elected to take under the will, her heirs have no right to make the election."

We have examined this case and quote from the opinion as follows:

"The widow died without having made an election. Does the right of

election pass to her heirs? In the case of Fosher v. Guilliams, 120 Ind. 172, 22 N.E. 118, the court said:

"'The right to elect is strictly personal and can be exercised only by the widow, and if she dies before the time for election has expired the right expires with her, in the absence of a statute authorizing its exercise afterwards by her heirs or representatives.'

"There are other states that hold to the same doctrine as announced in the Indiana case, supra. It therefore follows that the right to elect is a personal right, and does not pass to the heirs, and, since Elizabeth York died without having elected to take under the will, her heirs have no right to make the election."

We have also examined the Indiana case referred to therein and reported in 22 N. E. 118, and quote a portion of the concluding paragraph on page 119, as follows:

"As was well remarked in Price v. Woodford, 43 Mo. 247: 'The right of election is a statutory privilege, conferring new and important benefits, and outside of the statute has no existence. It must therefore be exercised in substantial compliance with it.' Ewing v. Ewing, 44 Mo. 23; Dougherty v. Barnes, 64 Mo. 159. The right to elect is strictly personal, which can be exercised by the widow alone, and although she die before the time for election has expired, in the absence of a statute authorizing it to be made afterwards by her heirs or representatives, the right of election expires with her. 1 Woerner, Adm'r, 270."

We, of course, recognize that this case, though analogous, is not identical with the situation before us nor are the other cases cited involving the right of selection of probate homestead or making application for family allowance. However, the right given a surviving spouse under the statute here involved, being purely statutory cannot be extended beyond its plain language.

In the early case of McCarter v. State ex rel. Pitman, 82 Okl. 78, 198 P. 303, 304, it was held:

"The legal presumption is that the Legislature has expressed its intent in the statute and that it intended what it expressed, and nothing more."

The statute, Title 84 O.S.Supp. § 232, does not make it obligatory on the surviving spouse to exercise the right granted, nor does it provide that the right may be assigned or exercised by another.

■ Defendant in error contends that "the automobile given to the surviving spouse is in the nature of exempt property" and therefore the right to it did not lapse at the death of the surviving spouse, but passed to her personal representative. As we construe the statute here involved it did not "give" the automobile to the surviving spouse but merely conferred on her "the right to choose" one of said automobiles, to be her exclusive property, subject to the debts of the deceased. The choice or selection was necessary before title or possession could pass. The three automobiles owned by plaintiff in error's intestate were a part of his estate at the time of his death and remained so until the choice was made, as provided by the statute. Likewise, until such choice was made there was no such right to specific property as to constitute a thing in action, as contended by defendant in error.

We have carefully examined and considered each of the cases cited by defendant in error and conclude they are clearly distinguishable and neither decisive or persuasive of the question here involved.

■ The general rule in construing statutes is that the intent of the Legislature must govern. As has been pointed out, this is the first time this statute has been before this court and we are here concerned with only the second part thereof, where more than one automobile is involved. It is our opinion, however, that the Legislature clearly intended to provide the surviving spouse and family, if any, with the use and ownership of the family car if only one, subject only to the debts

of the deceased, and that where more than one, the surviving spouse must choose the one, if any, desired for such use and ownership, still subject to the debts of the deceased.

We conclude, the Legislature, by enactment of this statute, was conferring on the surviving spouse an additional right, to-wit, "the right to choose", where the deceased held title to more than one automobile, one of said automobiles to be his or her exclusive property, subject only to the debts of the deceased. Such right did not exist prior to the enactment of the statute, and if the Legislature had intended same to extend to the heirs, or representatives of said surviving spouse it, of course, would have so provided.

We, therefore, conclude that the right granted the surviving spouse by the statute here under consideration is personal, and that same does not pass at death to the administrator of the estate of said surviving spouse. The judgment and order of the District Court is, therefore, contrary to law and same is reversed, with directions to vacate said order and judgment.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.