Margaret ABBOTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14159.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

Jess Horn, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

The plaintiff in error, hereinafter referred to as the defendant, was charged in the District Court of Woodward County with Operating and Conducting a Gambling Game conjointly with one Edward Glantz. They were tried by a jury, found guilty; fined $1,000.00 each and sentenced to Five Years each, in the penitentiary. From that judgment and sentence, the defendant, Margaret Abboth, appeals to this Court.

The first proposition of error raised is that the trial court erred in refusing to grant the plaintiff in error a severance from the co-defendant, Edward Glantz.

From the record, it appears that the preliminary examination was held on March 25, 1966. On March 28, 1966, the information was filed in district court. Defendant filed a motion for continuance on May 18, 1966. There is no indication in the record that either the defendant or her co-defendant made known their desire for separate trials until May 23, 1966, when the case was called for trial; and the oral motion was made that her co-defendant "* * * had some connection with the gambling activities in the past and the defendant, Margaret Abbott, has not had any connection with gambling of any kind and the fact that she was being tried with another defendant, which does not have such connection, which perhaps might make a reflection on the jury that the mere association with the co-defendant could have some indication of her guilt." (cm 58)

The co-defendant, Glantz, also made an oral motion for severance, giving as grounds the fact that the present defendant was the "operator" of the Club 15, whereas he was merely a customer there.

The trial judge overruled both motions and apparently proceeded to empanel the jury immediately thereafter.

Defendant places much reliance on Title 22 Okl.St.Ann. § 838, which reads:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

It is to be noted that this statute is a general statute, and part of the Revised Laws of 1910 derived from earlier unofficial codes of this State and from the Compiled Laws of Dakota (§ 7378). However, in 1961, the Oklahoma Legislature adopted Title 21 Okl.St.Ann. § 952, which reads:

"Persons jointly charged with the violation of any of the provisions of this Act [1] shall be tried together, provided the

[1] Sections 941–953 of this title.

court for good cause shown may grant a severance. Laws 1916, ch. 26, p. 61, § 12."

The above statute is particular and special in that it applies *only* to violations of the state gambling laws, under which the defendant herein was charged.

It is well-established that where there are two provisions of statutes, one of

which is particular and special and clearly includes the matter in controversy and prescribes different rules and procedures from those in the general statute, the special statute and not the general one will apply. See, Reubin v. Thompson, Okl., 406 P.2d 263.

This Court held in the case of Warner v. Mathews, 11 Okl.Cr. 122, 143 P. 516:

Special act defining crime controls over general statute.

And, in Rich v. State, 46 Okl.Cr. 242, 284 P. 903:

General statute is superseded by statute dealing with particular subject.

This Court is of the opinion that Title 21 Okl.St.Ann. § 952, supra, is the applicable statute relating to the severance, and that it is not in conflict with Title 22 Okl.St.Ann. § 838. It is readily apparent that § 952 is intended for persons charged jointly with violating the gambling laws to be tried together, and that severance would only be granted for good cause shown. This Court held in Dougherty v. State, 16 Okl.Cr. 97, 180 P. 720, that:

"* * * a severance in a prosecution for unlawfully conducting gambling games is not a matter of right on the part of a defendant, but rests entirely in the judgment of the court."

See, also, Reed v. State, 17 Okl.Cr. 662, 191 P. 1041.

In the case at bar, defendant's only stated reason in the oral motion, supra, was that her co-defendant had been associated with gambling and might therefore prejudice her by association.

The record itself refutes this, as there is no evidence presented of any former convictions of the co-defendant, nor did he take the stand to testify. It is the opinion of this Court that the trial judge did not err in refusing severance under the statute applicable, as shown above, and the facts of the case.

Defendant's second and third propositions of error do not cite any authority of law, but are only general statements that the defendant was prejudiced. This Court does not feel that these propositions have merit.

Defendant's fourth proposition of error is that the verdict is not substantiated by sufficient evidence, and that the trial court erred in overruling the demurrer of the defendant, and that the sentence is excessive.

This Court will not repeat the testimony in the record here, but suffice it to say that there was *ample* evidence to support the verdict of the jury. Since the defendant could have received up to Ten Years in the penitentiary, we do not feel that the sentence of Five Years was excessive under the facts here presented.

The judgment and sentence of the trial court is hereby affirmed.

BUSSEY and BRETT, JJ., concur.