**U.S.I.F. NORMAN CORPORATION, an Oklahoma corporation and U.S.I.F. Oklahoma Corporation, an Oklahoma corporation, Appellees,**

v.

**OKLAHOMA TAX COMMISSION, Appellant.**

**No. 47137.**

Supreme Court of Oklahoma.

Oct. 22, 1974.

Rehearing Denied May 20, 1975.

Doerner, Stuart, Saunders, Daniel & Langenkamp, William C. Anderson, Lawrence T. Chambers, Jr., Tulsa, and Franklin, Harmon & Satterfield, Inc., by William C. Anderson and Grey W. Satterfield, Oklahoma City, for appellees.

Albert D. Lynn, E. J. Armstrong, Lester D. Hoyt, by Lester D. Hoyt, Oklahoma City, for appellant.

HODGES, Justice.

U.S.I.F. Norman Corporation, an Oklahoma Corporation and U.S.I.F. Oklahoma Corporation, an Oklahoma Corporation, (taxpayers) filed actions in the trial court for refund of corporate franchise taxes paid under protest for the fiscal years 1971 and 1972 to the Oklahoma Tax Commission (Commission). The actions were consolidated. Motions for summary judgment were filed by the taxpayers and the commission on uncontested facts. The trial court found for the taxpayers and against the Commission.

The sole issue presented is whether certain long-term mortgage indebtedness should be included in taxpayers' "capital", as that term is defined by statute, for the purpose of computing the franchise tax levied on domestic corporations as provided by 68 O.S.1971 § 1203. Capital is defined by 68 O.S. 1971 § 1209(a)(1):

"(a) For the purpose of computing the amount of annual franchise tax levied upon and payable by the corporations, associations and organizations enumerated in Sections 1203 and 1204 of this Code, the word 'capital' shall be construed to include the following:

"(1) Outstanding capital stock, surplus and undivided profits, . . . plus the amount of bonds, notes, debentures or other evidence of indebtedness maturing and payable more than three (3) years after issuance. . . ."

A franchise tax is levied by virtue of 68 O.S.1971 § 1203 on domestic corporations at the rate of $1.25 per $1,000 or fraction thereof on the amount of capital used, invested, or employed in the exercise of any power, privilege or right inuring to such organization, within the State of Oklahoma.

The taxpayers, are domestic corporations in the business of real estate operations within the State of Oklahoma. They pur-

chased improved real estate in Cleveland and Oklahoma Counties, subject to certain outstanding mortgages, maturing more than three (3) years after issuance. However, no personal obligation or liability for payment of the principal sums was assumed, nor were any evidences of indebtedness on the debt secured by the mortgages. The annual Franchise Tax Returns for the fiscal years 1971 and 1972, were filed by taxpayers but the returns excluded from "capital" that amount which represented the properties in Cleveland and Oklahoma Counties. The Commission denied the exclusion, and assessed additional franchise tax and penalty. The taxpayers paid the assessed tax under protest, and filed an action in District Court.

The trial court determined that the key word in deciding the issue was the interpretation of the word capital. The trial court found that:

"* * * the mortgages which plaintiffs purchased subject to, are not 'indebtedness maturing and payable more than three years after issuances' and that therefore said mortgages are excludable from the franchise tax as not being within the definition of 'capital' under 68 O.S.1971, § 1203."

The taxpayers contend on appeal that the principal amount of the mortgages is a proper exclusion from "capital", because although the mortgage debt constitutes a charge against the mortgaged realty and improvements, the debt is not a personal obligation. They also assert that they have not given any evidence of indebtedness or promise to pay, thus the mortgage debt does not come within the statutory definition of "bonds, notes, debentures or other evidences of indebtedness maturing and payable more than three (3) years after issuance." We agree.

 Personal liability on the part of a grantee of mortgaged land is created only by his distinct assumption of the debt or contractual obligation to pay the mortgage. Continental Life Ins. Co. v. Phillips, 170 Okl. 34, 38 P.2d 564 (1934).

This court defined indebtedness in City of Perry v. Johnson, 106 Okl. 32, 233 P. 679, 680 (1925):

"In its strict legal significance, the word 'indebtedness' applies only to an obligation arising from contracts, express or implied, and in this sense it is defined to be a sum of money due by certain and express agreement; that for which an action of debt will lie; the owing of a sum of money upon a contract or agreement, and, in common understanding, it is not less an indebtedness that such sum is uncertain. Although an indebtedness may exist without present liability to pay, an obligation which is not yet due and payable has been held not to constitute an 'indebtedness.'"

This question was presented to the Connecticut Supreme Court in Lenox Realty Company v. Hackett, 122 Conn. 143, 187 A. 895, 107 A.L.R. 1306 (1936). The court held:

"The statute now under consideration expressly limits the indebtedness specified to that of the corporation whose tax is being computed. The assignment of a mortgage or the taking of title to property subject to a mortgage thereon, without assumption of the debt secured thereby, creates no personal liability on the part of the assignee or grantee to pay the mortgage debt; it remains that of the original mortgagor alone. Valente v. Costantino, 116 Conn. 386, 388, 165 A. 210; Lippitt v. Thames Loan & Trust Co., 88 Conn. 185, 197, 90 A. 369. Also, in the instant case it is expressly stipulated as a fact that the indebtedness secured by the mortgages here in question 'was not contracted by' the plaintiff, 'or assumed by it, and it was not and is not personally liable' therefor. In this situation we discover no tenable ground upon which that indebtedness can be regarded or held to be 'indebtedness of [the] company' which is the present plaintiff. While it may be that 'the definitive or lexicological significance' of the expression 'indebtedness of such

company' might not be conclusive of the legislative intent if there were, in this or other statutes, indications significant of a broader meaning (New Britain v. Kilbourne, 109 Conn. 422, 427, 147 A. 124), we have not been directed to or found any such justification. Even though, if any of the mortgagees require payment of the indebtedness secured by his mortgage, it might be necessary for the plaintiff, if it desires to continue its ownership and benefit of the mortgaged property, to discharge it by paying the amount secured, that is patently insufficient to constitute 'indebtedness of [the] company' consonant with any recognized definition or conception of the term."

■ The legal presumption is that the Legislature has expressed its intent in the statute, and that it intended what it expressed and nothing more. McCarter v. State, 82 Okl. 78, 198 P. 303 (1921).

■ The statute, 68 O.S.1971 § 1209, does not specifically designate as capital, property on which the grantee has not assumed a mortgage but has taken the property subject to the mortgage. The nonassumed mortgages are not within the statutory definition of capital.

The court will not enlarge statutory definitions in a measure to include a situation which, it might be assumed, the legislature would have covered by an enlarged definition if the broader imposition of taxation had been contemplated. See Lenox Realty Company v. Hackett, supra.

Affirmed.

DAVISON, C. J., and BERRY, LAVENDER and SIMMS, JJ., concur.

WILLIAMS, V. C. J., and IRWIN and BARNES, JJ., dissent.

IRWIN, Justice (dissenting).

In my opinion the corporate appellees are not entitled to the refund of the franchise taxes paid under protest.

68 O.S.1971, § 1203, levies the franchise tax on the "capital used, invested or em-ployed in the exercise of any power, privilege or right inuring to such an organization."

The word "capital" as used in § 1203, shall be construed to include "bonds, notes, debentures or other evidences of indebtedness maturing and payable more than three (3) years after issuance." 68 O.S.1971, § 1209(a)(1). .

Appellees purchased properties which were subject to outstanding mortgages. The conveyances to appellees were by warranty deed and the outstanding mortgages were excepted from the warranty. Appellees did not assume the mortgage indebtedness. Appellees contend that since they did not assume the mortgage indebtedness that they were not in any way personally obligated thereon and the mortgage indebtedness was not "evidences of indebtedness" within the purview of the above statutes.

Although appellees did not assume the mortgage indebtedness, such indebtedness remained mortgage liens against the assets of the corporation, i. e., the mortgaged property, because the mortgage liens were not released. Appellees' grantor is under no obligation to appellee to pay the mortgage indebtedness. Therefore, unless appellees pay, or cause to be paid, the mortgage indebtedness, the mortgagee or his assignee may resort to the assets of appellees (the mortgaged property) to satisfy the mortgage indebtedness.

Had appellees assumed the mortgage and failed to satisfy the mortgage indebtedness, the mortgagor could resort to the mortgaged property to satisfy the indebtedness. If the mortgaged property was insufficient, the mortgagor could then resort to other assets of the appellees.

In my opinion, when a corporation purchases property which is subject to an outstanding mortgage lien, it is immaterial whether the corporation does or does not assume the mortgage for such mortgage to come within the purview of § 1203 and § 1209(a)(1), supra.

I am unable to construe the term "evidences of indebtedness" as employed in §

1209(a)(1), supra, as being limited to "evidences of indebtedness" against all the corporate assets as distinguished from part of the corporate assets.

I am also of the view that the term "personal liability of a corporation", when used in connection with purchase—mortgage transactions, means the extent the assets of the corporation are encumbered by outstanding mortgage liens. The properties in question are encumbered by mortgage liens. In the case at bar, appellees have the choice of two alternatives: They can pay the mortgage indebtedness as it becomes due out of their assets or refuse to pay the mortgage indebtedness and the mortgagee can resort to the assets of the corporation, (the mortgaged property) to satisfy the indebtedness.

In Hep Development Corporation v. Mouton (1971), La., 256 So.2d 744, the court considered a statute that provided that a franchise tax shall be paid on the amount of its capital, stock, surplus, profits and borrowed money. Capital was defined as "all indebtedness of the corporation * * * maturing more than one year from the date incurred." The court said that "It appears that 'borrowed capital' under the pertinent statute is more or less synonymous with 'long term indebtedness.'"

The factual situation in Hep was exactly like the factual situation here, i. e., Hep (a corporation) purchased property subject to an outstanding mortgage but did not assume the mortgage.

The Louisiana Court refused to follow Lenox Realty Company v. Hackett, 122 Conn. 143, 187 A. 895, 107 A.L.R. 1306, cited with approval in the majority opinion. In Hep the court recognized that since the corporation did not assume the mortgage it incurred no personal liability, but it held the corporation was liable for the franchise tax.

In my opinion, when a corporation purchases property which is subject to an outstanding mortgage, the outstanding mortgage constitutes "evidences of indebtedness" and capital used, invested or employed in the exercise of its corporate rights, within the purview of 68 O.S.1971, § 1203 and § 1209(a)(1), although the corporation does not assume the mortgage.

I respectfully dissent.

I am authorized to state that Vice Chief Justice WILLIAMS and Justice BARNES, concur in the views herein expressed.