CRIMES AND PUNISHMENTS
Title 21 O.S. 1272.1 [21-1272.1] (1977) prohibits the carrying of any weapons defined in 21 O.S. 1272 [21-1272] (1977) by security officers, hired by the owner or proprietor of an establishment where beer or alcoholic beverages are consumed, or any individuals except peace officers and the owner or proprietor of such establishments. The exemption of 21 O.S. 1272.1 [21-1272.1] granted the owner and proprietor of an establishment where beer or alcoholic beverages are consumed does not contemplate, nor did the Legislature intend, that this exemption be extended to an agent or any individual hired by the owner or proprietor of such establishment. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does 21 O.S. 1272.1 [21-1272.1] (1977) prohibit armed security officers hired by the owner or proprietor of private clubs or taverns, hotels, motels or restaurants with clubs or where beer or alcoholic beverage is consumed from carrying weapons pursuant to their duties ? 2. May security officers be considered the agents of the owner or proprietor of such establishments and thus exempt them from the prohibition of 21 O.S. 1272.1 [21-1272.1] (1977)? As alluded to in your letter of request, 21 O.S. 1289.8 [21-1289.8] (1977) provides: "It shall be unlawful for any person, except a law enforcement officer, a registered security officer or a person employed by an armored car firm licensed by the Corporation Commission, to carry a concealed weapon other than permitted by this act." It is provided in 21 O.S. 1272.1 [21-1272.1] (1977) that no one except peace officers or the owner may carry a weapon into an establishment where beer or intoxicating liquor are consumed. Title 21 O.S. 1272.1 [21-1272.1] (1977) reads as follows: "It shall be unlawful for any person, except a peace officer, as defined in 21 O.S. 99 [21-99], when in the county or counties of his employment or residence, or the owner or proprietor of the establishment being entered, to carry into or to possess in any establishment where beer or alcoholic beverages are consumed any of the weapons designated in 21 O.S. 1272 [21-1272]. "Provided, however, nothing in this act shall be interpreted to authorize such peace officer in actual physical possession of a weapon to consume beer or alcoholic beverages, except in the authorized line of duty as an undercover officer." A reading of the foregoing provisions of 21 O.S. 1272.1 [21-1272.1] reveals that the Legislature has specifically prohibited the carrying or the possession of weapons in any establishment where beer or intoxicating beverages are consumed. The Legislature specifically exempts application of this prohibition with respect to peace officers and the owner or proprietor of such establishments. It should be noted that 21 O.S. 1289.8 [21-1289.8] is cited herein for purposes of information only and should not be confused with or read in conjunction with the prohibitions of 21 O.S. 1272.1 [21-1272.1]. In fact, pursuant to a general rule of statutory construction, the language of 21 O.S. 1272.1 [21-1272.1], being more restrictive and specific, controls and prevails over the more general language of 21 O.S. 1289.8 [21-1289.8]. See Abbott v. State, Okl. Cr., 434 P.2d 957 (1967); Beidlemon v. Belford, Okl., 525 P.2d 649 (1974) Nolder v. State, Okl. Cr., 556 P.2d 1094 (1976). Title 21 O.S. 99 [21-99] (1971) defines a peace officer as follows: "The term 'peace officer' signifies any sheriff, constable or policeman, and any other officer whose duty it is to enforce and preserve the public peace." This statutory definition of "peace officer" categorizes such officers as those officers whose duty it is to preserve the public peace. As discussed in a previous Opinion of this office, Opinion No. 75-168 (January 9, 1976): "The Legislature did not define 'registered security officer' as used in 21 O.S. 1289.8 [21-1289.8] above. The clear meaning of 'security officer' contemplates a private person who is employed or charged with the duty of securing or protecting persons or property." (Emphasis added) A search of the statutes fails to reveal that the Legislature has specifically categorized security officers as peace officers or an "officer whose duty it is to enforce and preserve the public peace." This is unlike the situation where the Legislature has designated as peace officers the following: city police officers (21 O.S. 99 [21-99] (1971); 11 O.S. 574 [11-574] and 11 O.S. 575 [11-575] (1971)); county sheriffs, their undersheriffs and deputies (21 O.S. 99 [21-99] (1971), 19 O.S. 516 [19-516] (1971)); officers of the Department of Public Safety (47 O.S. 2-117 [47-2-117] (1971)); campus police (74 O.S. 360.11 [74-360.11], 74 O.S. 360.12 [74-360.12], 74 O.S. 360.13 [74-360.13] (1971)); and railroad police (66 O.S. 183 [66-183] (1971), also see Attorney General Opinion No. 75-168). It is apparent from the absence of a sufficient legislative definition of "security officer" which carries the connotation of an "officer whose duty it is to enforce and preserve the public peace" that the Legislature has yet to contemplate that the statutory definition of a peace officer includes a security officer. Thus, the prohibition of Section 1272.1 (with the exception of the owner or proprietor) excludes all individuals except those who by legislative definition are "peace officers." As to your second question, a plain reading of 21 O.S. 1272.1 [21-1272.1] makes it clear that the Legislature intended that in addition to peace officers, only the owner or proprietor of such establishments are excluded from the prohibition of 21 O.S. 1272.1 [21-1272.1]. The clear meaning of "owner or proprietor" contemplates a person who has the legal, exclusive or rightful title to the premises. The Supreme Court in In Re Certification of Question of State Law, Okl., 560 P.2d 195 (1977) stated: "A general rule of statutory construction is that all legislative enactments must be interpreted in accordance with their plain ordinary meaning according to the import of the language used." Had the Legislature intended that an agent of the owner or proprietor be exempted from the prohibition of 21 O.S. 1272.1 [21-1272.1], that intent would clearly have been expressed. In this respect, see, U.S.l.F. Norman Corporation v. Oklahoma Tax Commission, Okl., 534 P.2d 1298
(1974) where the Supreme Court, citing McCarter v. State, 82 Okl. 78, 198 P. 303 (1921) stated: "The legal presumption is that the Legislature has expressed its intent in the statute, and that it intended what it expressed and nothing more." It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative, in that 21 O.S. 1272.1 [21-1272.1] (1977) prohibits the carrying of any weapons defined in 21 O.S. 1272 [21-1272] (1977) by security officers, hired by the owner or proprietor of an establishment where beer or alcoholic beverages are consumed, or any individuals except peace officers and the owner or proprietor of such establishments. As to your second question, it is the opinion of the Attorney General that the exemption of 21 O.S. 1272.1 [21-1272.1] granted the owner and proprietor of an establishment where beer or alcoholic beverages are consumed does not contemplate, nor did the Legislature intend, that this exemption be extended to an agent or any individual hired by the owner or proprietor of such establishment. (JOE H. ENOS) (ksg)