RUSSELL *et al.* v. GERLACH.

No. 165.   Opinion Filed July 13, 1909.

(103 Pac. 604.)

**VENDOR AND PURCHASER—Bona Fide Purchaser—Unrecorded Mortgage—Priorities.** On August 26, 1901, R. executed a note, secured by a real estate mortgage, to G. On September 6, 1901, R. executed a warranty deed to an undivided one-half interest in said real estate to R. and W. On October 17, 1901, R. executed a warranty deed to the other undivided one-half interest in said realty to the same parties. The mortgage to G. was recorded on October 26, 1901, and the deeds to R. and W. on November 7, 1901. When the deeds were executed by R. to R. and W., they had knowledge of such facts as would put prudent men upon inquiry, which, if prosecuted with ordinary diligence, would have led to actual knowledge of the mortgage rights of G. **Held,** that R. and W., under such circumstances were chargeable with actual notice, and that the mortgage as against the rights of said R. and W. under said deeds created a valid lien in favor of G.

(Syllabus by the Court.)

*Error from District Court, Woodward County; John L. Pancoast, Judge.*

Action by J. J. Gerlach against John R. Russell and others. Judgment for plaintiff, and defendants bring error.   Affirmed.

This action was instituted in the district court of Woodward county, territory of Oklahoma, on June 14, 1905, by John J. Gerlach, the defendant in error, as plaintiff, against John R. Russell and L. D. West, plaintiffs in error, and J. Rawdon, as defendants.   On the 27th day of April, 1907, the same was tried on the following issues: That on the 26th day of August, 1901, the defendant, Rawdon, executed and delivered to the plaintiff a promissory note, payable four months after date, in the sum of $550, with interest at the rate of 12 per cent. per annum from maturity, which was secured by a real estate mortgage on 320 acres of land; said mortgage being filed for record on the 26th day of October, 1901.   That said note was unpaid and default

made thereon, except the following payments: $100 February 2, 1904, and $38.20 February 19, 1904; the balance due on said note being $613.06. That the conditions of the mortgage had been broken. There was provision for a reasonable attorney's fee, which was proved to be $55. The legal title to the land on said date was in the defendants John R. Russell and L. D. West by virtue of certain warranty deeds executed by the defendant J. Rawdon and wife, as follows: The first on the 6th day of September, 1901, for an undivided one-half interest, and another for the other one-half undivided interest on the 17th day of October, 1901. The deeds were filed for record on the 7th day of November, 1901. At the time the mortgage was filed for record, the defendants owed an amount on the purchase price of the land equal to the mortgage debt.

On issues joined: (1) Admitting the executions of the note and mortgage and the recording of the same; (2) that the sum represented by said note and mortgage was a renewal of a pre-existing indebtedness of said defendant Rawdon, which had been paid; (3) no consideration; (4) purchasers for value and without notice, on account of delay in recording. The evidence in the record reasonably showed that at the time of the filing for record of said mortgage not one cent had been paid by defendants Russell and West to their codefendant, Rawdon, on the purchase price of said land, and that at the time of the execution and delivery of the deeds by Rawdon to his codefendants they had knowledge of the incumbrance or mortgage of the defendant in error Gerlach, which was in default and unpaid.

*C. W. Herod* and *A. M. Appleget,* for plaintiffs in error.
*Hoover & Swindall,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). In the case of *Cooper v. Flesner et al., ante,* p. 47, 103 Pac. 1016, section 888, c. 16, § 12, "Conveyances," Wilson's Rev. & Ann. St. 1903, which is relied on by plaintiffs in error in this case, was construed, and it is here held that "the words 'actual notice' do

not always mean in law what in metaphysical strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as the ultimate facts." It was also held, in the same case, that "one who purchases land with knowledge of. such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice, of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received." So that if the plaintiffs in error had knowledge of such facts as would put them, as prudent men, upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of the rights. of the defendant in error adversely to the mortgagor, Rawdon, and they neglected to make such inquiry, they are chargeable with the actual notice they would have received had they made such inquiry.

The court found that the plaintiff had a lien by reason of such mortgage, prior to and superior to the conveyance made to the plaintiffs in error L. D. West and John R. Russell, by the said Rawdon, and that the legal title to said land was in the plaintiffs in error; they acquiring title thereto by the trade of a patent right to Rawdon. The journal entry further recites:

"The case, however, turns upon a question of law. The mortgage was first in point of time in execution and recorded first. The deeds were second in execution and delivery, but both made prior to the recording of the mortgage, but recorded subsequent. The court therefore finds the mortgage to be a valid lien on the land prior and superior to the deeds of the defendant West and Russell, and that plaintiff is entitled to a foreclosure of his mortgage."

The plaintiffs in error, prior to the execution and delivery of the deeds to them, had knowledge of facts and circumstances sufficiently pertinent in character to enable them, had they been reasonably prudent and cautious, to investigate and ascertain the facts, and, having purchased the land with knowledge of such

facts, they are chargeable with actual notice of the mortgage held by the defendant in error. Although the mortgage was unrecorded, said plaintiffs in error, under the rule laid down in *Cooper v. Flesner et al., supra,* having actual notice as to the claim of the defendant in error, the same was equivalent to recording.

There appearing no reversible error in the record, the judgment of the lower court is affirmed.