## BROOKS v. REYNOLDS *et al.*

No. 2066. Opinion Filed, July 18, 1912.

Rehearing Denied June 30, 1913.

(132 Pac. 1091.)

1. **TRIAL—Instructions—Excluding Issues.** Where the issue was as to whether the defendant in an ejectment suit had notice at the time the land was conveyed to him of an unrecorded deed from his grantor to the plaintiff in the suit, it was error to instruct the jury that actual notice meant express information of the fact, and that if the common grantor told the defendant of the prior deed they should find for the plaintiff, and to exclude from the consideration of the jury the effect of notice by circumstances sufficient to put a prudent person on inquiry.

2. **VENDOR AND PURCHASER—"Implied Notice"—What Constitutes.** Where a person has knowledge of circumstances such as would put a prudent person, acting in good faith, upon inquiry, he is chargeable with actual notice of the facts the inquiry would have disclosed.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Charles W. Brooks against Matthew Reynolds and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Everest, Smith & Campbell,* for plaintiff in error.
*Warren K. Snyder,* for defendants in error.

Opinion by ROSSER, C. This was an action in eject-
ment by Charles W. Brooks against Matthew Reynolds and
Jack Hunt. Hunt is a tenant of Reynolds, and has no in-
terest in the action. Both plaintiff and defendant, Reynolds,
claim the property in controversy under a deed from G. C.
Duncan and wife. The deed to Brooks was executed the 14th
day of August, 1908. The deed to Reynolds was executed on
the 24th day of August, 1908, and was filed for record on the
25th day of August, 1908. The deed to Brooks was not put
on record until the 27th day of August, 1908.

The question involved is one of notice. If Reynolds had
notice of the Brooks deed at the time he took the deed from
Duncan, then Brooks should recover. If he did not have such
notice, then he is entitled to judgment.

Duncan testified that he told Reynolds that some forfeit
money had been paid him. Duncan and Reynolds both testi-
fied that Duncan demanded actual cash at the time the deed
to Reynolds was delivered, and that after having examined the
records, and after having had the abstract passed by the at-
torney, they again went to the recorder's office before the
money was paid to see if anything else had been put on
record, and Duncan stated that the object of going was to
see if Brooks' deed had been put on record, though he would
not testify that Brooks' name had ever been mentioned. There
were other circumstances in the case which at least tended to
show that Reynolds suspected that there was some defect in the
title. Duncan testified that if Reynolds had asked him about
the deed to Brooks he would have told him 'the truth.

The court instructed the jury, over the objection of the
plaintiff, as follows:

"(4) The evidence is also undisputed that the deed which
was given to Mr. Brooks by Mr. Duncan was not placed of
record in the office of the register of deeds of this county until
some two days, I think, after the recording of the deed from

Duncan to Reynolds. Under the laws of this state at the time that these conveyances were executed and delivered, the execution of a deed, or the delivery of it, would impart no notice to any one other than the immediate parties to the transaction, unless the conveyance was acknowledged before an officer authorized to take an acknowledgment, and filed in the office of the register of deeds for record; and if it was so acknowledged and filed everybody would be bound to take notice of that record and would have constructive notice of whatever the record showed, and he would not be heard to say, if he should become a purchaser of the real estate after such recording, that he did not know that the party had conveyed the premises to anybody else. The law says that he does know that the property has been conveyed if the acknowledged conveyance has been filed and recorded in the office of the register of deeds If, however, the instrument has not been filed and recorded, and there has been an actual conveyance of the property from one to another, the conveyance, as between the parties to it, is just as good as though it had been recorded, and all the title passed to the grantee from the grantor, regardless of the fact that the deed was not filed for record. Although it had not been filed for record, anyone else, if he have actual notice of the fact that the conveyance has been executed and delivered, is just as much bound by the fact of the conveyance as though the conveyance had been filed in the office of the register of deeds and recorded. So in this case there is really but one question for you to pass upon in order to reach a proper verdict in the case. That is as to whether Mr. Reynolds, the defendant, had, at the time he made this purchase, actual notice of the conveyance which prior to that time had been made to Mr. Brooks by Mr. Duncan. If he did have actual notice of such conveyance, then your verdict should be for the plaintiff. If he did not have actual notice of it, then your verdict should be for the defendant.

"(5) You are further instructed that actual notice, as used in these instructions, means express information of the fact. A fact may be proven or established by circumstances, as well as by direct evidence, and in determining this case as to whether or not the defendant, Reynolds had notice that a prior deed to the property in question had been made to another party, or parties, you are to take into consideration all the facts and circumstances surrounding the transaction, as dis-

Vol. 37—49.

closed upon the witness stand here, and if those are sufficient in your mind with the evidence as introduced here to establish by a preponderance of the evidence that Duncan told the defendant, Reynolds, at the time that he made the contract with him, that he had executed a prior deed and delivered the same, then your verdict should be for the plaintiff."

The giving of these instructions is assigned as error. A fair interpretation of these instructions is that, before Reynolds could be charged with notice of the deed to Brooks he must have had express information of the fact; that is, he must have known that Duncan had made a deed and delivered it to Brooks. Notice from circumstances was excluded from the consideration of the jury.

The instructions as given were too narrow. This question has been directly passed upon by this court in several cases.

In *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29, the fourth and fifth paragraphs of the syllabus are as follows:

"4. The words 'actual notice' do not always mean in law what in metaphysical strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.

"5. One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received."

The rule there laid down is followed in *Herbert v. Wagg,* 27 Okla. 674, 117 Pac. 209.

In *Creek Land & Improvement Co. v. Davis,* 28 Okla. 579, 115 Pac. 468, the question was again presented to the court, and, after review and copious citation of authorities, the court arrived at the same conclusion as in the cases already cited.

Under the evidence in this case the jury should have been instructed that if they found the defendant had notice of such facts as would put a prudent man upon inquiry as to the state

of the title, and that if the inquiry had been followed up it would have shown the actual facts, then he was chargable with actual notice of the facts that the inquiry would have disclosed.

The case should be reversed and remanded for a new trial.

By the Court:    It is so ordered.