## ADAMS v. WHITE.

No. 2648.   Opinion Filed November 4, 1913.

Rehearing Denied March 24, 1914.

(139 Pac. 514.)

1.  **VENDOR AND PURCHASER**—Bona Fide Purchasers—Possession of Land—Effect. The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

2.  **SAME**—Frauds, Statute of—Judgment—Contract of Sale—Transfer of Title—Judgment Lien. A contract for the sale of land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, and the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused; and a judgment obtained by a third person against the vendor subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such cestui que trust.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Ejectment by C. F. Adams against T. C. White. Judgment for defendant, and plaintiff appeals. Affirmed.

*W. D. Potter,* for plaintiff in error.

*J. W. Harreld, R. A. Hefner,* and *J. A. Bass,* for defendant in error.

KANE, J. This was an action in ejectment, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Upon trial there was judgment for the defendant, to reverse which this proceeding in error was commenced.

The plaintiff claims to be the owner of the land in controversy by virtue of the purchase thereof at execution sale, in a cause wherein he was judgment creditor, which sale was approved by the district court on the 14th day of February, 1910, and a sheriff's deed executed therefor. The defendant claims that, prior to the rendition of the judgment under which the land was sold, he entered into an oral contract with the judgment debtor for the purchase of said land at a stated consideration, part of which at that time he paid; that, at the time said contract was entered into, the defendant, in pursuance thereof, entered into possession of said land, commenced to improve the same, and in all respects acted toward said land as if he were the legal owner thereof; that, at the date of the rendition of the judgment under which said land was sold, the defendant had been in peaceful possession of said premises under said contract for a period of about five months; that the contract between said judgment debtor and said defendant was afterwards fully executed, the final act necessary thereto, to wit, the delivery of the deed from the judgment debtor to said defendant, being performed subsequent to the rendition of said judgment, but prior to said execution sale.

The first assignment of error complains of the admission of incompetent evidence; but, as there seems to be no substantial issue of fact between the parties, and no doubt that the foregoing statement substantially states the facts as they actually exist, we will confine ourselves to a determination of the rights of the parties under said statement.

The principal contention of the plaintiff is that the oral contract of sale between the defendant and the judgment debtor was void under the statute of frauds, and therefore the judgment under which the execution was issued became a lien upon the land immediately upon its rendition, which was prior to the

execution of the deed to the defendant. It has been held that payment of the purchase money alone is not such part performance of an oral agreement to sell real estate as will authorize a court to enforce specific performance. But part payment and taking possession in good faith, or taking possession with the knowledge of the vendor and making valuable improvements, constitute such part performance as will ordinarily warrant a court in decreeing specific performance of the contract. *Halsell et al. v. Renfrow et al.,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; *Sutherland v. Taintor,* 17 Okla. 427, 87 Pac. 900. It has also been held that the possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims, and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein. *Russell v. Gerlach,* 24 Okla. 556, 103 Pac. 604; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Edwards v. Montgomery,* 26 Okla. 862, 110 Pac. 779.

Having reached the conclusion that the oral contract of sale is not invalid under the statute of frauds, the case of *Hampson v. Edelen,* 2 Har. & J. (Md.) 66, 3 Am. Dec. 531, seems to be in point. Mr. Chief Justice Chase, speaking for the court, says:

"In this case it appears that a considerable part of the purchase money was paid, and possession given of the land, prior to the obtention of the judgments by Hampson against Wade. A contract for land, *bona fide,* made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. When the money is paid, according to the terms of the contract, the vendee is entitled to a conveyance, and to a decree in chancery for a specific execution of the contract, if such conveyance is refused. A judgment obtained by a third person against the vendor, mesne the making the contract and the payment of the money, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such *cestui que trust.* A judgment is a lien on the land of the debtor, and attaches on it as a fund for its payment; but the legal estate in the land is not vested in the judgment creditor,

although he can convert it into money, to satisfy his debt, by pursuing the proper means."

Other cases in point are: *Pierce v. Brown,* 7 Wall. 205, 19 L. Ed. 134; *Iron Works v. Cohen,* 7 Colo. App. 341, 43 Pac. 667; *Dalrymple v. Security Loan & Trust Co.,* 11 N. D. 65, 88 N. W. 1033; *Hays et al. v. Reger,* 102 Ind. 524, 1 N. E. 386; *Story v. Black,* 5 Mont. 26, 1 Pac. 1, 51 Am. Rep. 37; *Mining Co. v. Bank,* 7 Mont. 530, 19 Pac. 210; *Dimmick v. Rosenfield,* 34 Ore. 101, 55 Pac. 100; *Kirby v. Tallmadge,* 160 U. S. 379, 16 Sup. Ct. 349, 40 L. Ed. 463.

We have examined other questions presented by counsel for plaintiff in error in his brief, but are of the opinion that the court below committed no such substantial error as would justify a reversal. *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359.

The judgment of the court below is therefore affirmed.

All the Justices concur.