## DOWNING v. THORNTON et al.

No. 12135—Opinion Filed Oct. 16, 1923.

Rehearing Denied Nov. 27, 1923.

1. **Vendor and Purchaser — Possession of Land—Notice of Rights of Possessor.**

The law is well established in this jurisdiction that possession of real property raises the presumption of ownership and imposes upon those purchasing such property from others than those in possession, the duty to ascertain the extent of their claims. Actual possession of such property is notice to the world of such right and interest as the possessor actually has therein.

2. **Indians—Conveyance of Restricted Indian Lands—Correction of Errors.**

While restricted Indian lands may be conveyed only in the manner authorized by the applicable federal statute, this rule does not prohibit the parties to such conveyance from having an error or mistake corrected made in the execution of such conveyance.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by W. D. Thornton and another against W. A. Downing, and another in ejectment. Judgment for plaintiffs. Defendant W. A. Downing brings error. Reversed and remanded, with directions.

Langley & Langley and Graves & Seaton, for plaintiff in error.

Leahy & Brewster, for defendants in error.

KENNAMER, J. W. D. Thornton and O. C. Thornton, plaintiffs, instituted this action in the district court of Mayes county against W. A. Downing and W. A. Coon, defendants, to recover possession of 120 acres of land, and upon a trial of the cause the court instructed the jury to return a verdict in favor of the plaintiffs. W. A. Downing prosecutes this appeal to reverse the judgment of the trial court.

There is now involved in the case the title and right of possession to a 40-acre tract of land which was deeded by the Cherokee Nation to Elsie Blackfox, the Cherokee allottee thereof.

The plaintiffs asserted title to the northeast quarter of the northwest quarter of section 27, township 21 north, range 21 east, in Mayes county, under a deed executed by James Blackfox and Nellie Dragger to R. R. Gann, dated January 17, 1920, and approved by the county court having jurisdiction of the settlement of the estate of Elsie Blackfox, deceased, January 20, 1920, and deeded by Gann to the plaintiffs January 27, 1920.

The defendant W. A. Downing, by amended answer and cross-petition, alleged that he purchased the land on May 31, 1919, from James Blackfox and Nellie Dragger, which deed was approved by the county court on or about the date of its execution, but by mistake of the party preparing the deed for execution the 40 acres of land in question was incorrectly described in that "northeast" was written where it should have been "northwest". The defendant on said date took the actual possession of said land and has since the date of the execution of said deed been in the open, exclusive, and actual possession of the 40 acres of land in controversy. Defendant prayed an order of the court making James Blackfox and Nellie Dragger parties to the action and that in the trial of the cause he have judgment reforming and correcting his deed to include the above described 40 acres of land.

It appears from the pleadings and evidence that subsequently to the date of the execution of the deed under which the plaintiffs asserted title, James Blackfox and Nellie Dragger executed a deed to the defendant

Downing, which was approved by the county court, correcting the error that had been made in describing the 40 acres of land in controversy. It is admitted by both parties to the controversy that James Blackfox and Nellie Dragger were the owners of the lands in controversy as the only heirs of Elsie Blackfox and were restricted Cherokee Indians such as to require the approval of the county court of any conveyances made by them in order to pass title to the land in controversy.

It appears from a consideration of the assignments of error that the only question presented in this appeal is whether or not the defendant was entitled to a decree adjudging him to be the owner of the land, if, in fact, it was the intention of these restricted heirs to convey the same to him on the date of the execution of his deed in May, 1919, and through mistake of the scrivener in preparing the deed the 40 acres were incorrectly described in that another 40-acre tract was described instead of the 40 acres in controversy. The evidence is undisputed that the particular 40-acre tract involved in this action had a square-top lumber house on it on the date that the heirs of Elsie Blackfox undertook to convey it to the defendant; that immediately after the execution of said deed the defendant took the actual possession of said lands, and that on the date the deed was executed under which the plaintiffs assert title was asserting ownership to said property and had the exclusive possession of the same.

We are clearly of the opinion that the trial court committed reversible error in instructing the jury to return a verdict in favor of the plaintiffs. Where restricted Indians execute a deed conveying their interest in restricted lands in the manner provided by the applicable federal statutes and through error in the person preparing said deed for execution a mistake is made in describing part of the land sought to be conveyed, the parties to such conveyance are entitled to have such error corrected, and where the grantee of such lands takes the open, actual, and exclusive possession of such lands, a subsequent purchaser is charged with notice of the interest of such grantee in said lands. The law is well established in this jurisdiction that possession of real property raises the presumption of ownership and imposes on those purchasing such property from others than those in possession the duty to ascertain the extent of their claims. Actual possession of such property is notice to the world of such right and interest as the possessor actually has therein. Adams v. White, 40 Okla. 535, 139

Pac. 514; Wilkerson et al. v. Stone, 82 Okla. 297, 200 Pac. 196.

Counsel for the plaintiffs in this action argue that on the date the heirs of Elsie Blackfox executed a deed attempting to convey the lands to R. R. Gann, grantor of the plaintiffs, Downing, the defendant in the action, had no deed of record describing the 40 acres of land in controversy and that his possession of the land would only charge the plaintiffs with notice of what title he actually had, and not having a deed correctly describing the land and approved by the court having settlement of the estate of the deceased allottee, he had no title to the land; therefore, his possession was not notice of any title or adverse holding of the land. With this contention we cannot agree. If the evidence of the plaintiffs introduced and tendered established the fact that Downing had purchased the land in the manner authorized by the applicable federal statutes and the county judge, the approving agency, had assented to and intended to approve the conveyance, but, through an error, part of the land sought to be conveyed was incorrectly described, such error may be corrected by the parties to the contract executing a new conveyance and the county court upon proper showing correcting his order of approval, or by entering a new order approving the latter conveyance made for the purpose of correcting the former, and the right of Downing to have his conveyance corrected or reformed is such a right as the court will enforce. Many authorities have been cited by counsel to the effect that restricted Indian lands may only be conveyed in the manner authorized by the federal law. Tidal Oil Company v. Flanagan, 86 Okla. 231, 209 Pac. 729; Brader v. James, 49 Okla. 734, 154 Pac. 560; Harris v. Bell, 254 U. S. 103, 65 L. Ed. 159. The rule announced in this class of cases is not in conflict with the conclusion herein reached, that Downing, having received a deed executed in conformity with the federal law, had the right to have any error made in the execution and approval of the deed corrected.

It is next contended by counsel that under the rule announced in Pickering v. Lomax, 245 U. S. 310, 36 L. Ed. 716, Lomax v. Pickering, 173 U. S. 26, and Murray v. Wooden, 17 Wendell (N. Y.) 531, the first approval of the approving agency exhausts the power of such agency as to the property sought to be conveyed pursuant to the law requiring approval and that the first deed approved by such agency will be held to be valid. We do not believe that this rule militates against the rule herein announced, for all that the approval of such agency in reality amounts to is that such agency assents to and con-

curs in the conveyance executed by Indians of the class of full-bloods, and, if we understand correctly the evidence of the defendant in the instant case, he attempted to establish by the evidence tendered and introduced that it was the intention of the parties to the conveyance to execute a deed covering the 40 acres of land in controversy and that the county court assented to such conveyance and intended to approve such a conveyance. If this be true, the defendant, but for an honest mistake, had a conveyance to the land executed according to all of the formalities required by the federal law.

We know of no good reason why such a mistake should not be corrected. In view of this conclusion, the judgment of the trial court is reversed, and the cause is remanded, with directions for the trial court to grant a new trial, and on such a retrial of the cause the issue of mutual mistake in the execution of the deed to the defendant should be submitted to the jury under proper instructions. If a verdict be returned in his favor, a judgment and decree should be entered therein quieting the title of the defendant in and to the land in controversy.

JOHNSON, C. J., and KANE, HARRISON, and BRANSON, JJ., concur.