**WILSON et al. v. DOUGLASS et al.**

No. 11279—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. **Notice—Constructive Notice—Statute.**

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself." (Section 2926, Rev. Laws 1910.)

2. **Vendor and Purchaser — Bona Fide Purchaser — Notice.**

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have

received." Cooper v. Flesner et al., 24 Okla. 47, 103 Pac. 1016.

3. **Same — Adverse Possession.**

The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and open, actual possession of such property gives knowledge to the world of just such interest as the possessor actually has therein. Adams v. White, 40 Okla. 535, 139 Pac. 514; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366.

4. **Disposition of Cause.**

For the reasons stated, the judgment of the trial court in so far as it affects the one-fifth interest in the land represented by the deed of Huldy Deer, is reversed, and the cause remanded, with direction to grant a new trial.

Error from Superior Court, Okfuskee County; John L. Norman, Judge.

Action by Frank P. Douglass and others against C. W. Wilson and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

E. T. Noble and S. L. O'Bannon, for plaintiffs in error.

Phillips & Douglas, Frank P. Douglass, and Wright, Wilhoit & Beckner, for defendants in error.

KANE, J. This was an action for the recovery of land commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below.

The petition of the plaintiffs was in the usual short statutory form, and alleged, among other things, that the defendants are in possession of the said premises claiming some right, title, and interest therein adverse to the plaintiffs, the exact nature and character of which they are unable to state. The answer of the defendants admits they are in possession of the premises, and they attach to their answer certain warranty deeds which they claim established their rights to possession. The land involved was the allotment of Thomas Deer, a full-blood Creek Indian, and the plaintiffs and the defendants both claim title through deeds made by the heirs of the allottee.

While in the trial court the title to the entire allotment was involved, in this court the plaintiffs in error only claim a one-fifth undivided interest in and to the particular lands, conceding as to the remaining part of the allotment that, although their deeds are prior in time to those of the plaintiffs, they are invalid. As to this one-

fifth interest, the answer alleges, in substance, that the defendants acquired title to the same by warranty deed duly made and executed by Huldy Deer, one of the heirs of Thomas Deer, deceased. For reply the plaintiffs deny that Huldy Deer ever made, executed, and delivered the deed set up in defendants' answer, and further allege that if any such deed was ever executed, it was never filed for record, and plaintiffs are, therefore, purchasers in good faith without notice.

Upon trial to the court the entire tract of land was awarded to the plaintiffs. In this court it is conceded that this judgment is correct except as to the one-fifth interest conveyed to the defendants by the deed of Huldy Deer. It may be well to state at this point that, although originally the land involved was the allotment of a restricted Indian, no question peculiar to Indian land titles is at present involved.

The record shows that as to the one-fifth interest now involved both the plaintiffs and defendants claim through deeds duly executed by Huldy Deer. It also shows that the deed through which the defendants claim is prior in time to the deed of the plaintiffs, and at the time the latter purchased the land the deed to the defendants was not on file in the office of the register of deeds of the proper county. As we understand it, the precise question presented for review is this:

Conceding that the deed from Huldy Deer to the defendants was not recorded, still, inasmuch as the pleadings of both parties allege and the evidence shows that the defendants were in possession holding adversely under claim of ownership, the plaintiffs were required to comply with section 2926, Rev. Laws 1910, which provides as follows:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself."

In construing this statute in Cooper v. Flesner et al., 24 Okla. 47, 103 Pac. 1016, this court held:

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received."

This seems to us to be a proper case for the application of the rule just announced.

Mr. Wilson, one of the defendants, testified that he has been in possession of this land about 20 years, using it for grazing purposes, and that he had some cattle on this land at the time the plaintiffs bought the same. The plaintiffs also allege that the defendants were in possession, claiming adversely to them.

"The rule is that in determining whether possession is open, visible, and notorious so as to charge the owner of an adverse claim, the nature, situation, and uses of the property are to be considered, and also the quantity or proportion of the land actually occupied. There is no particular manner by which such possession may be indicated or made manifest and no particular acts or series of acts are required to be done on the land. While it may be difficult to specify the acts which will, under every condition, constitute open and visible possession, * * * the general rule is that it is sufficient if the land is appropriated in such a manner as to apprise the community that the land is in the possession and enjoyment of the person claiming it. * * *" (2 C. J. 79.)

It is well settled that the possession of real property carries with it the presumption of ownership and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims; and open, actual possession of such property gives knowledge to the world of just such interest as the possessor actually has therein. Adams v. White, 40 Okla. 535, 139 Pac. 514; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366.

In the case at bar, the plaintiffs admit in their pleadings that the defendants were in possession, claiming title adversely to them. It seems to us that under these circumstances it would not be asking too much to require them to make inquiry of the party in possession as to the nature of his title or show some reason for their failure to do so.

So far as we are able to gather from the record, the plaintiffs seem to have contented themselves by an examination of the records in the office of the register of deeds, and, finding no deed recorded, made no further inquiry. There being facts and circumstances sufficient to put a prudent man upon inquiry, the plaintiffs, who now rest their claim upon the claim that they are innocent purchasers of the vendor, were required to prosecute the inquiry with ordinary diligence to discover the nature and extent of defendants' claim to title. We do not think the record before us shows that they have done this.

In Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209, it was held:

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry and is chargeable with the 'actual notice' he would have received. * * *"

For the reasons stated, the judgment of the trial court, in so far as it affects the one-fifth interest in the land represented by the deed of Huldy Deer, is reversed, and the cause remanded, with direction to grant a new trial.

McNEILL, KENNAMER. NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.