## DE WEESE v. BAKER-KEMP LAND TRUST CORP. et al. SAME v. VAN DE WATER et al.

Nos. 29188, 29189. April 9, 1940.

Rehearing Denied May 28, 1940.

*102 P. 2d 884.*

Hall & Thompson, of Oklahoma City, for plaintiff in error.

Russell F. Hunt and Rogers, Stephenson & Dickason, all of Oklahoma City, for defendants in error.

CORN, J. These two cases were consolidated for trial by agreement, the same growing out of the same transaction and under the same facts insofar as the merits of the cases are concerned.

The actions were brought by the plaintiff to cancel assignments of certain oil interests alleged to have been procured by fraud. The defendants claimed in their answer as a defense that they were innocent purchasers of said properties for value, and that the plaintiff was not entitled to recover under such circumstances. The consolidated causes were tried to the court, and judgment was rendered in favor of the defendants and against the plaintiff, and plaintiff brought this appeal.

A person representing himself to be an agent of the Wilcox Oil & Gas Company, and operating under the assumed name of C. W. Van Buren, called at the plaintiff's home in Washington, D. C., and proposed to exchange 15/512ths interest in the Wilcox-Buxton properties and 1,000 shares of Wilcox Oil & Gas Company stock for the three oil properties of the plaintiff involved in this action. He showed her a letter purporting to be signed by the Wilcox Oil & Gas Company authorizing him to make such a trade, and giving his address as 242 West 49th street, New York City.

About a week thereafter he called Mrs. DeWeese, the plaintiff, over the telephone, and about three days later returned to her home and showed her another letter purporting to be from the Wilcox Oil & Gas Company. A day or two later Mrs. DeWeese wrote Van Buren at his New York address and asked him a number of questions about the proposed deal. He did not answer the letter, but immediately called on her again and gave her the information desired orally. She then decided to make the deal.

On June 27, 1936, she went with Van Buren to a notary public and signed papers purporting to transfer these properties to the Wilcox Oil & Gas Company, and he thereupon gave her a receipt for the assignment of the three properties signed "Wilcox Oil & Gas Company, by C. W. Van Buren." The receipt stated that the assignment was to be exchanged for "15/512ths W. I. Wilcox-Buxton and 1,000 shares of Wilcox Oil & Gas." The assignments were executed in blank, Van Buren stating that he had not had time to have the typing done, and stating that Mrs. DeWeese would receive direct from the Wilcox Oil & Gas Company the assignments to the property for which she was trading.

It is an undisputed fact that Van Buren was an impostor acting under an assumed name and that the entire transaction upon his part was fraudulent; that he did not represent the Wilcox Oil & Gas Company; that he did not deliver to Mrs. DeWeese the property for which she thought she was trading; and that she has never received anything whatsoever for her oil interests. Van Buren, alias Bradley, pleaded guilty to a charge of fraud in federal court in connection with these transactions.

These interests were sold to defendants by Hertz & Company, Washington, D. C., through Frank B. Hamlin, a New York broker. The sale was confirmed by wire on June 30th, and the assignment was forwarded to Manufacturers Trust Co., 513 Fifth avenue, New York, with draft attached. On July 7th, Mr. Kemp took up that portion of the draft covering Phillips' interest and gave in payment therefor check for Mortimer L. Van de Water, Mr. Kemp's partner, in the sum of $500; and on the same day took up that portion of the draft covering Westgate-Carey interest and gave a Baker-Kemp Land Trust Corporation check for $550 therefor. But the Abilene-Grimes 5/640ths interest covered by the same draft was not accepted at the time, according to the testimony of Mr. Hertz, but instead his firm received from the parties a new set of blanks to be executed by Mrs. DeWeese. These were turned over to a Mr. Samuel Rosen, who, in the first instance, placed these interests in the hands of the Hertz & Company brokerage firm, for the purpose of procuring the signature of Mrs. DeWeese. Mr. Hertz testified that he never saw them again. Mrs. DeWeese testified that Van Buren again came to her house about July 10th and told her something was wrong with the papers and that the Wilcox Oil & Gas Company would not accept them until corrections were made, and that he took her before another notary public, where the new blank was signed in blank, supposedly for the Wilcox Oil & Gas Company. This new instrument was dated July 14th, and was identically the same print as the original supplied by Van Buren. On July 15th Mr. Hamlin and Mr. Kemp again went to Manufacturers Trust Company and gave Mr. Van de Water's check in payment for the Abilene-Grimes interests.

Although these defendants claim to be innocent purchasers of these interests,

the circumstances of the case positively indicate that they had contact with Van Buren. The new forms were of the identical stock as the originals used by Van Buren, and he telephoned Mrs. DeWeese that he was returning to have her execute the new instrument. The new assignment was not returned to New York by Hertz & Company, but must have been delivered by the impostor himself. It was not delivered through regular channels.

The various instruments which were executed in blank were admittedly filled in by the purchasers themselves after they came into their possession. The authority to sell was also executed entirely in blank and was in that condition when it passed into the hands of the purchasers.

Under the facts and circumstances above related, were the defendants innocent purchasers of said oil interests?

Section 13, title 25, Oklahoma Statutes Annotated, being section 61, O. S. 1931, reads as follows:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

In the case of Keys v. Ponder et al., 118 Okla. 234, 226 P. 73, the court, in the third paragraph of the syllabus, announced the rule as to constructive notice, as follows:

"Whatever is notice enough to excite attention and put a reasonably prudent person on his guard and calls for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it."

See, also, Dow et al. v. Worley, 126 Okla. 175, 256 P. 56; Thomas v. Huddleston, 65 Okla. 177, 164 P. 106; Daniel v. Tolon et al., 53 Okla. 666, 157 P. 757; Russell v. Gerlach, 24 Okla. 556, 103 P. 604; Creek Land & Imp. Co. v. Davis, 28 Okla. 579, 115 P. 468; Brooks v. Reynolds, 37 Okla. 767, 132 P. 1091; Hatfield et al. v. Lotty, 48 Okla. 173, 149 P. 1171; Cooper v. Flesner et al., 24 Okla. 47, 103 P. 1016.

The relationship of agency did not exist between Mrs. DeWeese and Van Buren. She thought she was dealing with a representative of a responsible oil company. She did not authorize the sale of these interests, but intended only to exchange them for interests owned by the Wilcox Oil & Gas Company. It was a case of misplaced confidence; a breach of trust. The question we have before us is not one of agency, nor one of the authority of an agent to complete an instrument signed in blank, but a question as to whether or not the facts and circumstances of the case were sufficient to put a prudent person upon inquiry as to the genuineness of the assignments.

It is difficult to conceive of a prudent person accepting an instrument executed in blank and filling it out after delivery without making inquiry of the purported maker thereof as to the genuineness of the transaction.

The filling in of the essential parts of an instrument after delivery constitutes the making of a new contract which must be ratified by the maker to be a valid and binding contract. 3 C. J. S. 978.

We therefore hold that the condition of these assignments at the time of delivery was such as to charge the defendants with notice of the defects complained of by the plaintiff.

The judgment of the trial court is reversed and the cause remanded, with directions to render judgment for the plaintiff in the consolidated cases, and to render judgment against the defendants in favor of plaintiff for an accounting of any payments which defendants may have received under the fraudulent assignments.

BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., concur.