2016 OK CIV APP 12

T.L.I., a minor child, by and through his next friend, Travis L. IRICK, Plaintiff/Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF POTTAWA-TOMIE, Defendant/Appellee.

No. 113,687.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 11, 2015.

Jack S. Dawson, Andrea R. Rust, Patrick H. Lane, Miller Dollarhide, Oklahoma City, OK, for Plaintiff/Appellant.

Jordan L. Miller, Collins, Zorn & Wagner, P.C., Oklahoma City, OK, for Defendant/Appellee.

KEITH RAPP, Presiding Judge.

¶1 The plaintiff, T.L.I. (T.L.I.) a minor, by and through his next friend Travis L. Irick (Plaintiff), appeals an Order denying his motion for new trial entered after the trial court granted summary judgment to the defendant, Board of County Commissioners of the County of Pottawatomie (Board). This appeal proceeds under the provisions of Okla. Sup.Ct.R. 1.36, 12 O.S. Supp. 2013, ch. 15, app. 1.

## BACKGROUND

¶2 Plaintiff's lawsuit claimed injury in an automobile accident at night on December 27, 2010. T.L.I. was a passenger in an automobile driven by another teenager. He and the other passengers and driver were traveling from the Prague, Oklahoma, area to Shawnee, Oklahoma.

¶3 After an apparently mistaken turn, the group ended up on a county road named Crosslin Road. The road is a dead end road.

¶4 Board had erected a sign signifying that the road is a dead end road. On the date of the accident, the sign was down. The driver continued on the dead end road and crashed into an embankment. T.L.I. sustained injury.

¶5 After Board denied Plaintiff's claim, he filed this action. In his amended petition, Plaintiff alleged that Board was negligent in maintaining the road and road signs. Board responded with several defenses, including immunity under provisions of the Governmental Tort Claims Act, specifically citing 51 O.S. Supp. 2013, §§ 155(5) and 155(15). Board then filed its motion for summary judgment.[1]

---

1. The trial court denied Board's summary judg- ment motion as to Section 155(5) because Board

¶ 6 Board maintained, and the trial court agreed, that it did not have actual or constructive notice that the dead end sign was down. Board presented the deposition testimony of County Commissioner Guinn, whose district covered the location of the accident. Commissioner Guinn stated that he was not aware of the dead end sign being down.

¶ 7 Commissioner Guinn stated that his telephone complaint logs did not show any complaint about the road or the sign. The summary judgment record contains the logs for the last half of the year 2010. These logs show a call on August 9, 2010, about litter; a call on August 18, 2010, about a need for right-of-way mowing; a call on December 3, 2010, about a drain (tinhorn); and a call on December 10, 2010, about holes on the dead end of Hickory Hollow of Crosslin Road. The logs have an "action taken" column which is blank for all of the foregoing except the last which contains the entry "done." The Record does not indicate whether a response, if any, to the calls would have brought attention to the dead end sign.

¶ 8 T.L.I. did not have any personal knowledge of the dead end sign's history prior to the accident. The car's driver testified that he did not see a dead end sign, but he also had no personal knowledge about the sign's history.

¶ 9 Plaintiff's summary judgment response, as relates to this appeal, was that the County erected the dead end sign and did not maintain it. The dead end sign fell or was knocked down and thus failed to warn the driver of the car that he was on a dead end road. Plaintiff's summary judgment response did not present any evidentiary materials that would show a dispute regarding whether Board had actual knowledge of the condition of the dead end sign on the date of the accident.

¶ 10 Plaintiff argued for application of constructive notice. Plaintiff's response characterized the testimony of Commissioner Guinn to be that the County had no policy requiring its employees to report downed or damaged signs.[2] He then maintained that Board's ignorance of the knocked down sign was negligent or willful and therefore Board had constructive notice of the condition of the dead end sign.

¶ 11 The trial court ruled that Section 155(15) shielded Board from liability because there was no evidence showing a question of fact about whether Board had actual or constructive knowledge of the fact that the dead end sign was down. The trial court awarded summary judgment on the basis of this ruling and rejected the other grounds urged by Board. Board has not appealed.

¶ 12 Plaintiff then filed a motion for new

---

had erected the dead end sign. The trial court also rejected Board's proximate cause and open and obvious contentions. Board has not appealed, so the Section 155(5), proximate cause, and open and obvious issues are not before this Court. The Background and Analysis will omit information pertinent only to the Section 155(5) grounds rejected by the trial court.

The trial court did grant summary judgment on the basis of Section 155(15). This Section has been unchanged by sundry amendments and reads:
 Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within

a reasonable time after actual or constructive notice. Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices. The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions.

2. The cited Commissioner Guinn testimony was:

 Q. Is a dead end sign one that you would expect one of your employees to have told you had been knocked down?
 A. Not necessarily.
 . . . .
 Q. If they had noticed it would you expect them to report it to the road foreman?
 . . . .
 THE WITNESS: I don't know that I would—not necessarily.

trial.[3] In this motion, Plaintiff conceded that Board had no actual notice of the fact that the dead end sign was down.[4] Therefore, the trial court's ruling regarding lack of actual notice to Board is affirmed.

¶ 13 In the motion for new trial, Plaintiff argued that Board had constructive notice of the downed dead end sign. He maintained that Board failed to have and implement any policy for its employees to report downed and damaged signs and that such policy would have provided the mechanism to notify Board of a downed or damaged sign.

¶ 14 In addition to his basic argument, Plaintiff *added* the allegation that Board's employees worked on Crosslin Road at least fourteen times in the year preceding the wreck, with one of those instances occurring eight days prior to the wreck. He attached Board road grader employees' work and time sheets to establish that presence. However, there is no indication where in the work and time sheets it appears that an employee was present on Crosslin Road and a downed dead end sign was noted.[5]

¶ 15 Part of Board's response to the motion for new trial was an objection to the added materials on the ground that the materials had not been made a part of the response to the motion for summary judgment. Without contradiction, Board represented that Plaintiff possessed the added materials when responding to the motion for summary judgment. Therefore, the added materials did not qualify as "new evidence" unavailable at the time of the summary judgment proceedings.

¶ 16 In its ruling denying the motion for new trial, the trial court agreed that the added materials did not qualify as new evi-

dence.[6] Nevertheless, the trial court further ruled that Plaintiff had not demonstrated a fact issue regarding constructive notice even considering the added materials.

¶ 17 Plaintiff appeals.[7]

## STANDARD OF REVIEW

¶ 18 As a general rule, "a motion for new trial is addressed to the trial court's sound discretion and, absent error as to a pure and unmixed question of law, or arbitrary and capricious action, every presumption should be indulged in favor of the trial court's ruling on appeal." *Bennett v. Hall*, 1967 OK 122, ¶ 5, 431 P.2d 339, 340–41. The standard of review when a summary judgment is followed by a ruling on a motion for new trial is set out in *Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 106–07.

Summary relief issues stand before us for *de novo* review. All facts and inferences must be viewed in the light most favorable to the non-movant. Appellate tribunals bear the same affirmative duty as is borne by *nisi prius* courts to test for legal sufficiency all evidentiary material received in summary process in support of the relief sought by the movant. Only if the court should conclude there is no material fact (or inference) in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary relief in its favor. A trial court's denial of a motion for new trial is reviewed for abuse of discretion. Where, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is

---

3. Appellate Record, Tab 13.

4. *Id.* at p. 4.

5. The time and work sheets do not reference "Crosslin Road." There are references to "347" which is the same number as the "Crosslin" county road shown in the police report and listed in the motion for summary judgment. This Court notes that: (1) in his deposition taken by Plaintiff, Commissioner Guinn was specifically asked about employee work and time sheets; and, (2) in her deposition taken prior to the summary judgment proceedings, the successor

County Commissioner referred to the road grader personnel in the area.

6. Plaintiff has not included this part of the trial court's ruling in his appeal, so that specific ruling will not be further addressed.

7. In the Appellate Record before this Court, the Order denying summary judgment and the Order denying the motion for new trial are not appended to the petition-in-error as required. Certified copies of both documents are contained in the Rule 1.36 materials.

settled by our *de novo* review of the summary adjudication's correctness. Judicial discretion is abused when a trial court errs with respect to a pure, unmixed question of law.

¶ 19 The summary judgment standard of review is set out in *Murray County v. Homesales, Inc.*, 2014 OK 52, ¶ 4, 330 P.3d 519, 523.

> The district court's order granting summary judgment is reviewed de novo. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. That review requires examination of the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. Id. This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, 4 P.3d 695, 699.

¶ 20 One who defends against a claim and who does not bear the burden of proof is not required to negate the plaintiff's claims or theories in order to prevail on motion for summary judgment. When, as here, a defendant moves for summary judgment without relying upon an affirmative defense, the defendant must show that: 1) no substantial factual controversy exists as to at least one fact essential to plaintiff's theory of the cause of action; and, 2) the fact is in defendant's favor. Once a defendant has introduced evidentiary materials to establish these points, the plaintiff then has the burden of showing that evidence is available which justifies a trial of the issue. *Akin v. Missouri Pacific Railroad Co.*, 1998 OK 102, ¶ 8, 977 P.2d 1040, 1044; *Stephens v. Yamaha Motor Co., Ltd. Japan*, 1981 OK 42, ¶ 11, 627 P.2d 439, 441; *Runyon v. Reid*, 1973 OK 25, ¶¶ 12–13, 510 P.2d 943, 946. On the other hand, when the defendant relies upon an affirmative defense then the defendant, as the party with the burden of proof, must meet the same standards as a plaintiff movant. *Akin*, 1998 OK 102 at ¶ 9, 977 P.2d at 1044.

¶ 21 The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125 n. 1, 932 P.2d 1100.

## ANALYSIS AND REVIEW

¶ 22 Plaintiff claims error by the trial court's statement in the Order denying the motion:

> The Commissioner who represents the district where the accident occurred testified that his employees do call in downed signs when they are seen by the employees or notified by the public.

¶ 23 Plaintiff claims that no such testimony was given in those words and the trial court misstated the evidence. This Court does not view the language of the trial court here as a direct quotation. A review of the Commissioner's testimony shows that the trial court reasonably summarized the Commissioner's statements. Thus, the claim of error is rejected.

¶ 24 Plaintiff's premises for his conclusion that Board has constructive knowledge of the downed dead end sign are: (1) Board did not have any policy or standard procedure to report downed signs, and (2) the absence of such policy or standard procedure constitutes willful ignorance of the problem. The argument concludes that constructive knowledge follows as a consequence, in the wake of willful ignorance or at least, that a question of fact is established requiring the jury to decide the ultimate conclusion of constructive notice.

¶ 25 In *Cooper v. Flesner*, 1909 OK 137, ¶ 8, 24 Okla. 47, 103 P. 1016, 1020, (quoting *Williamson v. Brown*, 15 N.Y. 354 (N.Y. 1857)), the Court defined and explained actual and constructive notice.

> Notice is of two kinds-actual and constructive. Actual notice embraces all degrees and grades of evidence from the most direct and positive proof to the slightest circumstance from which a jury would be warranted in inferring notice. It is a mere question of fact, and is open to every species of legitimate evidence which may tend to strengthen or impair the conclu-

sion. *Constructive notice, on the other hand, is a legal inference from established facts, and, like other legal presumptions, does not admit of dispute. 'Constructive notice,' says Judge Story, 'is in its nature no more than evidence of notice, the presumption of which is so violent that the court will not even allow of its being controverted.'* Story's Eq. Juris. § 399. (Emphasis added.)

Here, the final and conceded determination is that Board did not have actual notice.

¶ 26 The Oklahoma Statutes and current case law incorporate these definitions. 25 O.S.2011, §§ 10–13;[8] *Manokoune v. State Farm Mut. Auto. Ins. Co.*, 2006 OK 74, ¶ 18, 145 P.3d 1081, 1085–86; *see State ex rel. Oklahoma Bar Ass'n v. Scroggs*, 2003 OK 21, n. 6, 70 P.3d 821.

¶ 27 Here, the component of *"actual notice of circumstances* sufficient to put a prudent [person] upon inquiry as to a particular fact" is missing from the Record. Thus, Plaintiff has failed to demonstrate that any fact question exists regarding "actual notice of circumstances." In general, where constructive notice has been applied, there has been some circumstance, or circumstances, which should excite inquiry and that inquiry, if diligently pursued would lead to actual notice and knowledge of the facts. *DeWeese v. Baker-Kemp Land Trust Corp.*, 1940 OK 184, ¶ 12, 187 Okla. 341, 102 P.2d 884 (actual notice of circumstances to excite attention).

 ¶ 28 In other words, *constructive notice may be legally inferred from established facts.* However, the Record shows no actual notice *and* an absence of actual notice of any facts to present to a jury on the issue of constructive notice. The cases and statutes call for "actual notice ... sufficient to put a prudent [person] upon inquiry." 25 O.S.2011, § 13; *Ehret v. Price*, 1927 OK 19, 122 Okla. 277, 254 P. 748. "For constructive notice to be imputed as a matter of law, there must first be a finding that there are facts sufficient to 'put a prudent [person] upon inquiry.'" *Manokoune*, 2006 OK 74 ¶ 18, 145 P.3d at 1085. The sufficiency of existing facts to put a person on inquiry is a question of fact. *Id.*

¶ 29 As explained in *Cooper*, constructive notice is a legal inference from established facts. An inference is a permissible deduction from evidence. Leo H. Whinery, *Oklahoma Evidence, Commentary on the Law of Evidence* § 9.10 (West Publishing Co. 1994). Here, there is no evidence from which to make an inference because, as argued by Plaintiff, Board had no policy or procedure in place to find out about downed signs. Thus, there are no "established facts" or fact established from which it may be inferred that Board had notice of the condition of the dead end sign.

¶ 30 Therefore, unless the doctrine of constructive notice is expanded to include cases such as this one, Plaintiff's argument must fail. As a result, Plaintiff's argument necessarily is an argument for expansion of the doctrine. Plaintiff maintains that the consequence of Board's passivity, or nonfeasance, has the same constructive notice consequence as a case where Board had actual knowledge of circumstances such as to put it on inquiry. This Court concludes that expansion of the constructive notice doctrine cannot be made for the following reasons.

¶ 31 First, the Supreme Court decisions and the statutes do not encompass the expansion.

 ¶ 32 Second, the Legislature presumptively acted with a view in mind of existing law when it enacted Section 155(15) and provided for "constructive notice." Laws are presumed to be passed with full knowledge of all existing law on the same subject, here constructive notice. *TXO Production Corp. v. Oklahoma Corp. Comm'n*, 1992 OK 39, ¶ 10, 829 P.2d 964, 970 (enacting amendments); *State v. Prairie Oil & Gas Co.*, 1917 OK 450, ¶ 7, 64 Okla. 267, 167 P.

8. "Notice is either actual or constructive." 25 O.S.2011, § 10. "Actual notice consists in express information of a fact." 25 O.S.2011, § 11. "Constructive notice is notice imputed by the law to a person not having actual notice." 25 O.S. 2011, § 12. "Every person who has actual notice of circumstances sufficient to put a prudent [person] upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." 25 O.S.2011, § 13.

756, 757–58. If the Legislature had desired to expand the constructive notice doctrine it could have done so, but it did not. This Court presumes that the Legislature expressed its intent and nothing more when it enacted Section 155(15). *U.S.I.F. Norman Corp. v. Oklahoma Tax Comm'n*, 1974 OK 124, ¶ 10, 534 P.2d 1298, 1301.

¶ 33 The trial court's judgment awarding summary judgment is affirmed.

## SUMMARY AND CONCLUSION

¶ 34 T.L.I. was involved in a motor vehicle accident on a dead end county road. A dead end warning sign was down. Plaintiff sought to impose liability under the provisions of 51 O.S. Supp. 2013, § 155(15).

¶ 35 Plaintiff conceded that Board did not have actual knowledge that the dead end sign was down. Therefore, Plaintiff maintained that Board had constructive notice because it did not have in place policy or procedure regarding reporting downed signs. However, constructive notice is an inference of notice of the ultimate fact based upon existing facts which put a prudent person on inquiry. Here, Plaintiff did not establish that facts existed to place Board on inquiry.

¶ 36 As a result, Plaintiff's contention necessarily attempted to expand the doctrine of constructive notice beyond an inference of actual notice based upon existing facts putting a prudent person on inquiry. This expansion has not been recognized by the statute on constructive notice or by case law. Moreover, the Legislature is presumed to act with knowledge of existing law. When the Legislature enacted Section 155(15), it expressed its intent and nothing more. The Legislature did not expand the constructive notice rule in the context of Section 155(15).

¶ 37 Therefore, the judgment of the trial court is affirmed.

¶ 38 **AFFIRMED.**

THORNBRUGH, J., and BARNES, J., concur.